COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-264-CR

JAMES BERNARD ROBERTS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH
  DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

James Bernard Roberts is attempting to appeal the trial court’s judgment adjudicating him guilty of aggravated assault and sentencing him to five years’ confinement.  We dismiss the appeal.

The trial court certified that appellant has waived the right of appeal and provided us a copy of the written waiver.
(footnote: 2)  The waiver shows that appellant waived his right of appeal knowing that the State would recommend a sentence of five years’ confinement in exchange for appellant’s plea of true to the allegations in the motion to adjudicate.  The trial court sentenced appellant accordingly.

On August 14, 2006, we notified appellant by letter of the trial court’s certification and informed him that his appeal was subject to dismissal based on the trial court’s certification.  In response, appellant acknowledges that he has waived the right of appeal.

A valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the trial court’s consent.
(footnote: 3)   The trial court did not consent to appellant’s appeal in this case.  Accordingly, we dismiss the appeal.
(footnote: 4)

PER CURIAM

PANEL D:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  OCTOBER 5, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The trial court also certified that this is a plea-bargain case and appellant has no right of appeal.  This portion of the certification is defective because appellate rule 25.2(a)(2) applies only to appeals from the initial plea of guilty in exchange for deferred adjudication; it does not apply to appeals from adjudication proceedings.  
Hargesheimer v. State,
 182 S.W.3d 906, 912 (Tex. Crim. App. 2006); 
Dears v. State,
 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); 
see
 
Tex. R. App. P.
 25.2(a)(2) (providing that it applies to a plea-bargain based on a plea of 
guilty
).  In the latter situation, the appellant’s right of appeal is limited only by article 42.12, section 5(b) of the code of criminal procedure.  
Hargesheimer,
 182 S.W.3d at 913;
 see
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2006).  The error does not, however, affect the outcome of this appeal because the trial court correctly certified that appellant has waived the right of appeal.

3:
Monreal v. State,
 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

4:
Id.; see
 
Tex. R. App. P.
 25.2(d) (providing that an appeal must be dismissed unless the trial court’s certification shows that the defendant has the right of appeal).