NO. 07-09-0022-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 5, 2009



______________________________





CARLOS MOLINA, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY;



NO. C-1-CR-07-218743; HON. DAVID CRAIN, PRESIDING



_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Abatement and Remand
          Following a jury trial, appellant, Carlos Molina, was convicted of driving while
intoxicated - 2nd offense and sentenced by the trial court to 120 days in county jail and a
fine of $2000. The clerk’s record was filed on December 19, 2008.
          Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter
a Certification of Defendant’s Right of Appeal each time it enters a judgment of guilt or
other appealable order. Tex. R. App. P. 25.2(a)(2); Hargesheimer v. State, 182 S.W.3d
906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if the certification has not
been made part of the record under the applicable rules. Tex. R. App. P. 25.2(d). An
appellate court that has an appellate record that includes a certification is obligated to
review the record to ascertain whether the certification is defective. Dears v. State, 154
S.W.3d 610, 615 (Tex.Crim.App. 2005). 
          Pursuant to an amendment to Rule 25.2(d), which became effective on September
1, 2007, the certification of defendant’s right of appeal must be signed by the defendant
and a copy must be given to him. Tex. R. App. P. 25.2(d). Additionally, the certification
shall include a notice that the defendant has been informed of his rights concerning appeal,
as well as his right to file a pro se petition for discretionary review.


 
          The certification contained in the clerk’s record does not contain the defendant’s
signature. Furthermore, it does not reflect whether a copy of the certification was given to
the defendant nor does it indicate whether the defendant was given the required
admonishments. Therefore, the certification on file is defective.
          Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to secure a Certification of Defendant’s Right of Appeal in compliance with Rule 25.2(d). 
Once properly executed, the certification shall be included in a supplemental clerk’s record
and filed with the Clerk of this Court on or before March 16, 2009.
          This order constitutes notice to all parties of the defective certification pursuant to
Rule 37.1 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 37.1. If a
supplemental clerk’s record containing a proper certification is not filed in accordance with
this order, this matter will be referred to the Court for dismissal. See Tex. R. App. P.
25.2(d).
          It is so ordered.
Per Curiam
Do not publish.