NO. 07-08-0457-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 27, 2009
______________________________

ASHLEY MCCALL STOKES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 121,944; HONORABLE W. F. âCORKYâ ROBERTS, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ON ABATEMENT AND REMAND
Â Â Â Â Â Â Â Â Â Â Following a plea of guilty to the offense of driving while intoxicated appellant, Ashley
McCall Stokes, was sentenced to confinement in the county jail for 120 days and was fined
$500. The jail sentence was then probated for 18 months. The clerkâs record was filed on
December 15, 2008.
Â Â Â Â Â Â Â Â Â Â Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter
a Certification of Defendantâs Right of Appeal each time it enters a judgment of guilt or
other appealable order. Tex. R. App. P. 25.2(a)(2); Hargesheimer v. State, 182 S.W.3d
906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if the certification has not
been made part of the record under the applicable rules. Tex. R. App. P. 25.2(d). An
appellate court that has an appellate record that includes a certification is obligated to
review the record to ascertain whether the certification is defective. Dears v. State, 154
S.W.3d 610, 615 (Tex.Crim.App. 2005). 
Â Â Â Â Â Â Â Â Â Â Pursuant to an amendment to Rule 25.2(d), which became effective on September
1, 2007, the certification of defendantâs right of appeal must be signed by the defendant
and a copy must be given to her. Tex. R. App. P. 25.2(d). Additionally, the certification
shall include a notice that the defendant has been informed of her rights concerning
appeal, as well as her right to file a pro se petition for discretionary review.


 
Â Â Â Â Â Â Â Â Â Â The clerkâs record does not contain a certification of appellantâs right to appeal. 
Furthermore, it does not reflect whether a copy of the certification was given to the
defendant nor does it indicate whether the defendant was given the required
admonishments. Furthermore, our letter of December 17, 2008, directed the trial court to
file a certification within 30 days. Additionally, our letter directed the trial court clerk to file
a supplemental record containing the certification within 15 days from the date the
certification was filed. To date, this court has not received a supplemental clerkâs record
containing a properly executed certification. See Tex. R. App. P. 34.5(c)(1).
Â Â Â Â Â Â Â Â Â Â Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. See Tex. R. App. P. 34.5(c)(2). Upon remand, the trial court shall
utilize whatever means necessary to secure a Certification of Defendantâs Right of Appeal
in compliance with Rule 25.2(d). Once properly executed, the certification shall be
included in a supplemental clerkâs record and filed with the Clerk of this Court on or before
March 16, 2009. Id.
Â Â Â Â Â Â Â Â Â Â This order constitutes notice to all parties of the defective certification pursuant to
Rule 37.1 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 37.1. If a
supplemental clerkâs record containing a proper certification is not filed in accordance with
this order, this matter will be referred to the Court for dismissal. See Tex. R. App. P.
25.2(d).
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Â 
Do not publish. 



ium Shading 2 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.
07-10-0234-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE SEVENTH DISTRICT OF TEXAS

Â 

AT AMARILLO

Â 

PANEL B

Â 



JULY 13, 2010

Â 



Â 

In re JOHNNY LEE REY, Relator 

Â 



Â 

Memorandum Opinion

Â 



Â 

Before QUINN, C.J., and
CAMPBELL and HANCOCK, JJ.

Pending
before the court is the petition of Johnny Lee Rey for a writ of mandamus.  Rey asks that we direct the Honorable Ana
Estevez, District Judge, 251st Judicial District, to act upon a pending motion
and to void an ÂOrder to Withdraw Inmate FundsÂ (Order to Withdraw).Â  We deny the petition. 

Â Â Â Â Â Â Â Â Â Â Â  The motion in question involved
ReyÂs effort to have the trial court vacate the aforementioned Order to
Withdraw.Â  The trial court acted upon
that motion by denying it on June 25, 2010.Â 
A true and correct copy of that order is attached to this opinion as
exhibit A.Â  Thus, the portion of ReyÂs
petition asking us to direct the trial court to act upon his motion is now
moot.

To
the extent that the trial court issued the Order to Withdraw and now denied
ReyÂs motion to strike or otherwise vacate it, the appropriate avenue for
relief available to him is via appeal.Â  Harrel v. State, 286 S.W.3d 315, 321
(Tex. 2009).Â  Since the Texas Supreme
Court has so held, he has an adequate remedy of law and, therefore, is not
entitled to relief via mandamus.

Â Â Â Â Â Â Â Â Â Â Â  The petition for writ of mandamus is
denied.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
CuriamÂ  

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â