NO. 07-09-0051-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 25, 2009



______________________________





DAVID JOHN MADRID, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 50,763-B; HON. RICHARD DAMBOLD, PRESIDING



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
Â Â Â Â Â Â Â Â Â Â Following a plea of guilty, appellant, David John Madrid, was convicted by a trial
court of possession with intent to deliver a controlled substance, namely
methamphetamine, a first degree felony and sentenced to 25 years incarceration in the
Texas Department of Criminal Justice, Institutional Division. The clerkâs record was filed
on March 13, 2009.
Â Â Â Â Â Â Â Â Â Â Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter
a Certification of Defendantâs Right of Appeal each time it enters a judgment of guilt or
other appealable order. Tex. R. App. P. 25.2(a)(2); Hargesheimer v. State, 182 S.W.3d
906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if the certification has not
been made part of the record under the applicable rules. Tex. R. App. P. 25.2(d). An
appellate court that has an appellate record that includes a certification is obligated to
review the record to ascertain whether the certification is defective. Dears v. State, 154
S.W.3d 610, 615 (Tex.Crim.App. 2005). 
Â Â Â Â Â Â Â Â Â Â Pursuant to an amendment to Rule 25.2(d), which became effective on September
1, 2007, the certification of defendantâs right of appeal must be signed by the defendant
and a copy must be given to him. Tex. R. App. P. 25.2(d). Additionally, the certification
shall include a notice that the defendant has been informed of his rights concerning appeal,
as well as his right to file a pro se petition for discretionary review.


 
Â Â Â Â Â Â Â Â Â Â The certification contained in the clerkâs record does not contain the defendantâs
signature. Furthermore, it does not reflect whether a copy of the certification was given to
the defendant nor does it indicate whether the defendant was given the required
admonishments. Therefore, the certification on file is defective.
Â Â Â Â Â Â Â Â Â Â Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to secure a Certification of Defendantâs Right of Appeal in compliance with Rule 25.2(d). 
Once properly executed, the certification shall be included in a supplemental clerkâs record
and filed with the Clerk of this Court on or before April 20, 2009.
Â Â Â Â Â Â Â Â Â Â This order constitutes notice to all parties of the defective certification pursuant to
Rule 37.1 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 37.1. If a
supplemental clerkâs record containing a proper certification is not filed in accordance with
this order, this matter will be referred to the Court for dismissal. See Tex. R. App. P.
25.2(d).
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Per Curiam
Do not publish.



Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00164-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



SEPTEMBER
28, 2010

Â 



Â 

NYLES MARTIN, APPELLANT

Â 

v.

Â 

CACV OF COLORADO, LLC, APPELLEE 



Â 



Â 

 FROM THE COUNTY COURT AT LAW NO. 3
OF LUBBOCK COUNTY;

Â 

NO. 2008-561,931; HONORABLE JUDY C. PARKER, JUDGE



Â 



Â 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Appellant,
Nyles Martin, has filed a motion to dismiss this
appeal because he no longer desires to pursue it.Â  No decision of this Court having been
delivered to date, we grant the motion.Â 
Accordingly, the appeal is dismissed.Â 
See Tex. R. App. P. 42.1(a)(1).Â  While MartinÂs
motion requests that costs be charged to the party incurring them, there is no
valid agreement of the parties to allocate costs in this manner.Â  See Tex.
R. App. P. 6.6.[1]Â  Therefore, all costs related to this appeal
are assessed against appellant.Â  See
Tex. R. App. P. 42.1(d).[2]Â  If dismissal will prevent appellee
from seeking relief to which it would otherwise be entitled, the Court directs appellee to file a timely motion for rehearing.Â  No motion for rehearing from appellant will
be entertained.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Mackey
K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice











[1] An agreement of the parties or
their counsel concerning an appellate court proceeding must be writing and
signed by the parties or their counsel.Â 
Id.

Â 





[2] Absent a valid agreement of the parties, the Court
will tax costs against the appellant.Â  Id.