NO. 07-09-0051-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 25, 2009

______________________________

DAVID JOHN MADRID, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 50,763-B; HON. RICHARD DAMBOLD, PRESIDING

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

Following a plea of guilty, appellant, David John Madrid, was convicted by a trial court of possession with intent to deliver a controlled substance, namely methamphetamine, a first degree felony and sentenced to 25 years incarceration in the Texas Department of Criminal Justice, Institutional Division.  The clerk’s record was filed on March 13, 2009.

Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a Certification of Defendant’s Right of Appeal each time it enters a judgment of guilt or other appealable order.  
Tex. R. App. P. 
25.2(a)(2); 
Hargesheimer v. State
, 182 S.W.3d 906, 911 (Tex.Crim.App. 2006).  An appeal must be dismissed if the certification has not been made part of the record under the applicable rules.  
Tex. R. App. P. 
25.2(d).  An appellate court that has an appellate record that includes a certification is obligated to review the record to ascertain whether the certification is defective.  
Dears v. State
, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005).  

Pursuant to an amendment to Rule 25.2(d), which became effective on September 1, 2007, the certification of defendant’s right of appeal must be signed by the defendant and a copy must be given to him.  
Tex. R. App. P. 
25.2(d).  Additionally, the certification shall include a notice that the defendant has been informed of his rights concerning appeal, as well as his right to file a 
pro se 
petition for discretionary review.
(footnote: 1)  

The certification contained in the clerk’s record does not contain the defendant’s signature.  Furthermore, it does not reflect whether a copy of the certification was given to the defendant nor does it indicate whether the defendant was given the required admonishments.  Therefore, the certification on file is defective.

Consequently, we abate this appeal and remand the cause to the trial court for further proceedings.  Upon remand, the trial court shall utilize whatever means necessary to secure a Certification of Defendant’s Right of Appeal in compliance with Rule 25.2(d).  Once properly executed, the certification shall be included in a supplemental clerk’s record and filed with the Clerk of this Court on or before April 20, 2009.

This order constitutes notice to all parties of the defective certification pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure.  
See
 
Tex. R. App. P
. 37.1.  If a supplemental clerk’s record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal.  
See
 
Tex. R. App. P
. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.

FOOTNOTES
1: The proper form for Certification of Defendant’s Right of Appeal is contained in Appendix D of the 2008 Texas Rules of Appellate Procedure.