NO. 07-09-0238-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 3, 2009
_____

NITO JIM GUERRA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 264TH DISTRICT COURT OF BELL COUNTY;

NO. 63206; HONORABLE MARTHA J. TRUDO, JUDGE
_____

Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.[1]

**ABATEMENT AND REMAND**

Following a jury trial, appellant, Nito Jim Guerra Jr., was convicted of evading arrest or detention with a motor vehicle with one enhancement and sentenced by the trial court to 40 years incarceration to the Institutional Division of the Texas Department of Criminal Justice. The clerk's record was filed on July 20, 2009.

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a Certification of Defendant's Right of Appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2); Hargesheimer v. State, 182 S.W.3d 906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if the certification has not been made part of the record under the applicable rules. TEX. R. APP. P. 25.2(d). An appellate court that has an appellate record that includes a certification is obligated to review the record to ascertain whether the certification is defective. Dears v. State, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005).

Pursuant to Rule 25.2(d), the certification of defendant's right of appeal must be signed by the defendant and a copy must be given to him. TEX. R. APP. P. 25.2(d). Additionally, the certification shall include a notice that the defendant has been informed of his rights concerning appeal, as well as his right to file a *pro se* petition for discretionary review.[2]

The certification contained in the clerk's record does not contain the defendant's signature. Furthermore, it does not reflect whether a copy of the certification was given to the defendant nor does it indicate whether the defendant was given the required admonishments. Therefore, the certification on file is defective.

Consequently, we abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary

---

[2] The proper form for Certification of Defendant's Right of Appeal is contained in Appendix D of the 2009 Texas Rules of Appellate Procedure.

2

to secure a Certification of Defendant's Right of Appeal in compliance with Rule 25.2(d). Once properly executed, the certification shall be included in a supplemental clerk's record and filed with the Clerk of this Court on or before August 31, 2009.

This order constitutes notice to all parties of the defective certification pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure. See TEX. R. APP. P. 37.1. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal. See TEX. R. APP. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.