NO. 07-09-0238-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 3, 2009
______________________________

NITO JIM GUERRA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 264TH DISTRICT COURT OF BELL COUNTY;

NO. 63206; HONORABLE MARTHA J. TRUDO, JUDGE
_______________________________


Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.



ABATEMENT AND REMAND
          Following a jury trial, appellant, Nito Jim Guerra Jr., was convicted of evading arrest
or detention with a motor vehicle with one enhancement and sentenced by the trial court
to 40 years incarceration to the Institutional Division of the Texas Department of Criminal
Justice. The clerk’s record was filed on July 20, 2009.
          Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter
a Certification of Defendant’s Right of Appeal each time it enters a judgment of guilt or
other appealable order. Tex. R. App. P. 25.2(a)(2); Hargesheimer v. State, 182 S.W.3d
906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if the certification has not
been made part of the record under the applicable rules. Tex. R. App. P. 25.2(d). An
appellate court that has an appellate record that includes a certification is obligated to
review the record to ascertain whether the certification is defective. Dears v. State, 154
S.W.3d 610, 615 (Tex.Crim.App. 2005). 
          Pursuant to Rule 25.2(d), the certification of defendant’s right of appeal must be
signed by the defendant and a copy must be given to him. Tex. R. App. P. 25.2(d). 
Additionally, the certification shall include a notice that the defendant has been informed
of his rights concerning appeal, as well as his right to file a pro se petition for discretionary
review.


 
          The certification contained in the clerk’s record does not contain the defendant’s
signature. Furthermore, it does not reflect whether a copy of the certification was given to
the defendant nor does it indicate whether the defendant was given the required
admonishments. Therefore, the certification on file is defective.
          Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to secure a Certification of Defendant’s Right of Appeal in compliance with Rule 25.2(d). 
Once properly executed, the certification shall be included in a supplemental clerk’s record
and filed with the Clerk of this Court on or before August 31, 2009.
          This order constitutes notice to all parties of the defective certification pursuant to
Rule 37.1 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 37.1. If a
supplemental clerk’s record containing a proper certification is not filed in accordance with
this order, this matter will be referred to the Court for dismissal. See Tex. R. App. P.
25.2(d).
          It is so ordered.
                                                                Per Curiam
 
Do not publish.