NO. 07-09-0375-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 7, 2010
_____

CARLOS BARRIENTOS MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;

NO. 2690; HONORABLE KELLY G. MOORE, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

In accordance with a plea bargain, appellant, Carlos Barrientos Martinez, was convicted of possession of a controlled substance, cocaine, in an amount less than one gram and sentenced to two years incarceration in the Institutional Division of the Texas Department of Criminal Justice and $1,000 fine. However, the sentence of confinement was suspended and appellant was placed on community supervision for a period of five years. The clerk's record was filed on December 28, 2009.

Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a certification of defendant's right of appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2); Hargesheimer v. State, 182 S.W.3d 906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under the applicable rules. TEX. R. APP. P. 25.2(d). An appellate court that has an appellate record that includes a certification is obligated to review the record to ascertain whether the certification is defective. Dears v. State, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005).

Pursuant to an amendment to Rule 25.2(d), which became effective on September 1, 2007, the certification of defendant's right of appeal must be signed by the defendant and a copy must be given to him. TEX. R. APP. P. 25.2(d). Additionally, the certification shall include a notice that the defendant has been informed of his rights concerning appeal, as well as his right to file a *pro se* petition for discretionary review.[1]

The certification contained in the clerk's record does not contain the defendant's signature. As such, it does not reflect whether a copy of the certification was given to the defendant nor does it indicate whether the defendant was given the required admonishments. Therefore, the certification on file is defective.

Consequently, we abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary

---

[1] The proper form for Certification of Defendant's Right of Appeal is contained in Appendix D of the 2008 Texas Rules of Appellate Procedure.

to secure a certification of defendant's right of appeal that complies with Rule 25.2(d). Once properly executed, the certification shall be included in a supplemental clerk's record and filed with the Clerk of this Court on or before February 1, 2010.

This order constitutes notice to all parties of the defective certification pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure. See TEX. R. APP. P. 37.1. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal. See TEX. R. APP. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.