NO.  07-10-0008-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 24, 2010

__________________________

 

JAVIER YEBRA,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

__________________________

 

FROM THE 69TH
DISTRICT COURT OF MOORE COUNTY;

 

NO. 4249; HONORABLE
RON ENNS, JUDGE

____________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER ON ABATEMENT AND REMAND

 

 

Following a jury trial, appellant, Javier Yebra, was convicted of aggravated assault with a deadly
weapon and sentenced to 50 years incarceration in the Institutional Division of
the Texas Department of Criminal Justice and $10,000 fine.  Appellant timely filed notice of appeal.  The clerk=s record
was filed on February 9, 2010.  A
supplemental clerk’s record was filed on February 12, 2010.

Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a certification
of defendant=s right of appeal each time it enters a
judgment of guilt or other appealable order. 
Tex. R. App. P. 25.2(a)(2); Hargesheimer v.
State, 182 S.W.3d 906, 911 (Tex.Crim.App.
2006).  An appeal must be dismissed if a
certification that shows the defendant has the right of appeal has not been
made part of the record under the applicable rules.  Tex. R. App. P. 25.2(d).  An appellate court that has an appellate
record that includes a certification is obligated to review the record to
ascertain whether the certification is defective.  Dears v. State, 154
S.W.3d 610, 615 (Tex.Crim.App. 2005).  

Pursuant to an amendment to Rule 25.2(d), which became
effective on September 1, 2007, the certification of defendant=s
right of appeal must be signed by the defendant and a copy must be given to
him.  Tex.
R. App. P. 25.2(d).  Additionally, the certification shall include
a notice that the defendant has been informed of his rights concerning appeal,
as well as his right to file a pro se petition for discretionary review.[1]  

The certification contained in the supplemental clerk=s
record was signed by the defendant, but does not reflect whether a copy of the
certification was given to the defendant nor does it indicate whether the
defendant was given the required admonishments. 
Therefore, the certification on file is defective.

Consequently, we abate this appeal and remand the cause
to the trial court for further proceedings. 
Upon remand, the trial court shall utilize whatever means necessary to
secure a certification of defendant=s right
of appeal that complies with Rule 25.2(d). 
Once properly executed, the certification shall be included in a
supplemental clerk=s record and filed with the Clerk of
this Court on or before March 19, 2010.

This order constitutes notice to all parties of the
defective certification pursuant to Rule 37.1 of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P. 37.1.  If a supplemental clerk=s
record containing a proper certification is not filed in accordance with this
order, this matter will be referred to the Court for dismissal.  See Tex.
R. App. P. 25.2(d).

It is so ordered.

 

                                                                                    Per
Curiam

 

 

Do not publish.  

 











[1]
The proper form for Certification of Defendant=s Right
of Appeal is contained in Appendix D of the Texas Rules of Appellate Procedure.