NO. 07-10-0008-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
 FEBRUARY 24, 2010
 __________________________
 
 JAVIER YEBRA, APPELLANT
 
 V. 
 
 THE STATE OF TEXAS, APPELLEE
 __________________________
 
 FROM THE 69[TH] DISTRICT COURT OF MOORE COUNTY;
 
 NO. 4249; HONORABLE RON ENNS, JUDGE
 ____________________________
 
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 ORDER ON ABATEMENT AND REMAND
 
 
Following a jury trial, appellant, Javier Yebra, was convicted of aggravated assault with a deadly weapon and sentenced to 50 years incarceration in the Institutional Division of the Texas Department of Criminal Justice and $10,000 fine. Appellant timely filed notice of appeal. The clerks record was filed on February 9, 2010. A supplemental clerk's record was filed on February 12, 2010.
Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a certification of defendants right of appeal each time it enters a judgment of guilt or other appealable order. Tex. R. App. P. 25.2(a)(2); Hargesheimer v. State, 182 S.W.3d 906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under the applicable rules. Tex. R. App. P. 25.2(d). An appellate court that has an appellate record that includes a certification is obligated to review the record to ascertain whether the certification is defective. Dears v. State, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005). 
Pursuant to an amendment to Rule 25.2(d), which became effective on September 1, 2007, the certification of defendants right of appeal must be signed by the defendant and a copy must be given to him. Tex. R. App. P. 25.2(d). Additionally, the certification shall include a notice that the defendant has been informed of his rights concerning appeal, as well as his right to file a pro se petition for discretionary review. 
The certification contained in the supplemental clerks record was signed by the defendant, but does not reflect whether a copy of the certification was given to the defendant nor does it indicate whether the defendant was given the required admonishments. Therefore, the certification on file is defective.
Consequently, we abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a certification of defendants right of appeal that complies with Rule 25.2(d). Once properly executed, the certification shall be included in a supplemental clerks record and filed with the Clerk of this Court on or before March 19, 2010.
This order constitutes notice to all parties of the defective certification pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 37.1. If a supplemental clerks record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal. See Tex. R. App. P. 25.2(d).
It is so ordered.
 Per Curiam
Do not publish.