Dismissed and Memorandum Opinion filed February 25, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00013-CR

____________

 

JOSHUA DEANGELO CASSARO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1219422

 



 

M E M O R
A N D U M   O P I N I O N

Appellant entered a guilty plea to assault causing bodily
injury to a family member. In accordance with the terms of a plea bargain
agreement with the State, on June 19, 2009, the trial court deferred a finding
of guilt and placed appellant on community supervision for four years and
assessed a $100 fine. The State subsequently moved to adjudicate appellant’s
guilt, and appellant entered a plea of true. On December 15, 2009, the trial
court adjudicated appellant’s guilt and sentenced him to confinement for two
years in the Institutional Division of the Texas Department of Criminal Justice
and assessed a $100 fine.

Appellant filed a pro se notice of appeal. The trial court
entered a certification of the defendant’s right to appeal in which the court
certified that this is a plea bargain case, and the defendant has no right of
appeal. See Tex. R. App. P. 25.2(a)(2).
The trial court’s certification is included in the record on appeal. See
Tex. R. App. P. 25.2(d). 

In a plea-bargain case for deferred adjudication community
supervision, the plea bargain is complete at the time the defendant enters his
plea of guilty in exchange for deferred adjudication community supervision. Hargesheimer
v. State, 182 S.W.3d 906 (Tex. Crim. App. 2006). As part of appellant’s agreement
to plead true, he expressly waived any right to appeal with the understanding
that the State would recommend a two-year sentence and a $100 fine. A waiver of
the right to appeal, negotiated in exchange for a specified punishment, will
prevent a defendant from appealing without the consent of the trial court. See
Monreal v. State, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003). Therefore,
because appellant has no right of appeal in this case, we need not request
correction of the trial court’s certification. See Dears v. State, 154
S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we dismiss the appeal.  

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Christopher.

Do Not Publish C Tex. R. App. P. 47.2(b).