NO. 07-10-00173-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
23, 2010

 



 

ASHLEY GROOM, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO. 2
OF LUBBOCK COUNTY;

 

NO. 2007-448,335; HONORABLE DRUE FARMER, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ABATE AND REMAND

 

Appellant,
Ashley Groom, has filed notice of appeal of the revocation of her community
supervision for the offense of reckless driving and resulting sentence of thirty
days incarceration in the Lubbock County Jail. 
The clerk=s record was filed on August 9,
2010.  Included within the clerk’s record
is the trial court’s certification of defendant’s right of appeal.

Texas
Rule of Appellate Procedure 25.2(a)(2) requires that a
trial court shall enter a certification of defendant=s right of appeal each time it enters
a judgment of guilt or other appealable order. 
Tex. R. App. P. 25.2(a)(2); Hargesheimer v.
State, 182 S.W.3d 906, 911 (Tex.Crim.App.
2006).  An appeal must be dismissed if a
certification that shows the defendant has the right of appeal has not been
made part of the record under the applicable rules.  Tex. R. App. P. 25.2(d).  An appellate court that has an appellate
record that includes a certification is obligated to review the record to
ascertain whether the certification is defective.  Dears v. State, 154
S.W.3d 610, 615 (Tex.Crim.App. 2005).  

Pursuant
to an amendment to Rule 25.2(d), which became effective on September 1, 2007,
the certification of defendant=s right of appeal must be signed by
the defendant and a copy must be given to him. 
Tex. R. App. P.
25.2(d).  Additionally, the certification shall include
a notice that the defendant has been informed of his rights concerning appeal,
as well as his right to file a pro se petition for discretionary review.[1]  

The
certification contained in the clerk=s record in this case states that this was not a plea-bargain
case, and that appellant has the right of appeal.  However, the certification was not signed by
appellant, does not reflect whether a copy of the certification was given to
appellant, and does not include the written admonishments that must be given to
appellant.  Therefore, the certification
on file is defective.

Consequently,
we abate this appeal and remand the cause to the trial court for further
proceedings.  Upon remand, the trial
court shall utilize whatever means necessary to secure a certification of
defendant=s right of appeal that complies with
Rule 25.2(d).  Once properly executed, the
certification shall be included in a supplemental clerk=s record and filed with the Clerk of
this Court on or before September 27, 2010.

This
order constitutes notice to all parties of the defective certification pursuant
to Rule 37.1 of the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 37.1.  If a
supplemental clerk=s record containing a proper
certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal.  See
Tex. R. App. P. 25.2(d).

It is so
ordered.

 

                                                                                                Per
Curiam

 

 

Do not publish.  

 











[1] The proper form for Certification of
Defendant=s Right of Appeal is contained in
Appendix D of the Texas Rules of Appellate Procedure.