NO. 07-10-00173-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 23, 2010

ASHLEY GROOM, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2007-448,335; HONORABLE DRUE FARMER, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATE AND REMAND**

Appellant, Ashley Groom, has filed notice of appeal of the revocation of her community supervision for the offense of reckless driving and resulting sentence of thirty days incarceration in the Lubbock County Jail. The clerk's record was filed on August 9, 2010. Included within the clerk's record is the trial court's certification of defendant's right of appeal.

Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a certification of defendant's right of appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2); Hargesheimer v. State, 182

S.W.3d 906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under the applicable rules. TEX. R. APP. P. 25.2(d). An appellate court that has an appellate record that includes a certification is obligated to review the record to ascertain whether the certification is defective. Dears v. State, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005).

Pursuant to an amendment to Rule 25.2(d), which became effective on September 1, 2007, the certification of defendant's right of appeal must be signed by the defendant and a copy must be given to him. TEX. R. APP. P. 25.2(d). Additionally, the certification shall include a notice that the defendant has been informed of his rights concerning appeal, as well as his right to file a *pro se* petition for discretionary review.[1]

The certification contained in the clerk's record in this case states that this was not a plea-bargain case, and that appellant has the right of appeal. However, the certification was not signed by appellant, does not reflect whether a copy of the certification was given to appellant, and does not include the written admonishments that must be given to appellant. Therefore, the certification on file is defective.

Consequently, we abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a certification of defendant's right of appeal that complies with Rule

---

[1] The proper form for Certification of Defendant's Right of Appeal is contained in Appendix D of the Texas Rules of Appellate Procedure.

25.2(d). Once properly executed, the certification shall be included in a supplemental clerk's record and filed with the Clerk of this Court on or before September 27, 2010.

This order constitutes notice to all parties of the defective certification pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure. See TEX. R. APP. P. 37.1. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal. See TEX. R. APP. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.