NO. 07-10-00451-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 29, 2010

_____

CLARENCE CERF, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 55,527-C; HONORABLE ANA ESTEVEZ, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

On October 28, 2010, appellant, Clarence L. Cerf, filed a notice of appeal from a judgment entered by the 251st District Court of Potter County, Texas, in cause number 55,527-C. In this notice, appellant "declares" that he is entitled to proceed without cost under Texas Rule of Appellate Procedure 20.2. Appellant did not, however, include an affidavit of indigency with his notice of appeal. However, we construe this declaration to be a request that the appellate record be furnished to appellant without charge. On this basis, we now abate and remand this cause.

Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to

prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; (3) if appellant is indigent, whether appellant desires to be appointed representation on appeal. If the trial court determines that appellant is indigent, we further direct the trial court to order the clerk and reporter to prepare the record and to provide the same to appellant or appellant's counsel. Finally, if the trial court determines that counsel should be appointed to represent appellant on appeal, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed attorney.

Further, the Criminal Information Sheet filed by the deputy clerk in this case indicates that the trial court has not entered a certification of defendant's right of appeal. Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a certification of defendant's right of appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2); Hargesheimer v. State, 182 S.W.3d 906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under the applicable rules. TEX. R. APP. P. 25.2(d); Dears v. State, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005).

Pursuant to an amendment to Rule 25.2(d), which became effective on September 1, 2007, the certification of defendant's right of appeal must be signed by the defendant and a copy must be given to him. TEX. R. APP. P. 25.2(d). Additionally,

the certification shall include a notice that the defendant has been informed of his rights concerning appeal, as well as his right to file a *pro se* petition for discretionary review.[1]

As it appears that no certification of defendant's right of appeal has been entered in this case, on remand, we direct the trial court to utilize whatever means necessary to secure a certification of defendant's right of appeal that complies with Rule 25.2(d). Once properly executed, the certification shall be included in a supplemental clerk's record and filed with the Clerk of this Court on or before February 15, 2011.

This order constitutes notice to all parties of the absence of a certification pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure. See TEX. R. APP. P. 37.1. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal. See TEX. R. APP. P. 25.2(d).

On remand, the trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. In the absence of a request for extension of time from the trial court, the supplemental clerk's record,

---

[1] The proper form for Certification of Defendant's Right of Appeal is contained in Appendix D of the Texas Rules of Appellate Procedure.

3

supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than February 15, 2011.

Per Curiam

Do not publish.