NO. 07-10-00451-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



DECEMBER
29, 2010

 



 

CLARENCE CERF, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 55,527-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ORDER OF
ABATEMENT AND REMAND

On
October 28, 2010, appellant, Clarence L. Cerf, filed a notice of appeal from a
judgment entered by the 251st District Court of Potter County,
Texas, in cause number 55,527-C.  In this
notice, appellant “declares” that he is entitled to proceed without cost under
Texas Rule of Appellate Procedure 20.2. 
Appellant did not, however, include an affidavit of indigency with his
notice of appeal.  However, we construe
this declaration to be a request that the appellate record be furnished to
appellant without charge.  On this basis,
we now abate and remand this cause. 

Upon
remand, the judge of the trial court is directed to immediately cause notice to
be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this
appeal, whether appellant is indigent; (3) if appellant is indigent, whether
appellant desires to be appointed representation on appeal.  If the trial court determines that appellant
is indigent, we further direct the trial court to order the clerk and reporter
to prepare the record and to provide the same to appellant or appellant’s
counsel.  Finally, if the trial court
determines that counsel should be appointed to represent appellant on appeal,
the court should cause the Clerk of this Court to be furnished the name,
address, and State Bar of Texas identification number of the newly-appointed
attorney.  

Further,
the Criminal Information Sheet filed by the deputy clerk in this case indicates
that the trial court has not entered a certification of defendant’s right of
appeal.  Texas Rule of Appellate
Procedure 25.2(a)(2) requires that a trial court shall enter a certification of
defendant=s right of appeal each time it enters
a judgment of guilt or other appealable order. 
Tex. R. App. P. 25.2(a)(2);
Hargesheimer v. State, 182 S.W.3d 906, 911 (Tex.Crim.App. 2006).  An appeal must be dismissed if a
certification that shows the defendant has the right of appeal has not been
made part of the record under the applicable rules.  Tex.
R. App. P. 25.2(d); Dears v. State, 154 S.W.3d 610, 615
(Tex.Crim.App. 2005).  

Pursuant
to an amendment to Rule 25.2(d), which became effective on September 1, 2007,
the certification of defendant=s right of appeal must be signed by
the defendant and a copy must be given to him. 
Tex. R. App. P. 25.2(d).  Additionally, the certification shall include
a notice that the defendant has been informed of his rights concerning appeal,
as well as his right to file a pro se petition for discretionary review.[1]  

As it
appears that no certification of defendant’s right of appeal has been entered
in this case, on remand, we direct the trial court to utilize whatever means
necessary to secure a certification of defendant=s right of appeal that complies with Rule 25.2(d).  Once properly executed, the certification
shall be included in a supplemental clerk=s record and filed with the Clerk of this Court on or before
February 15, 2011.

This
order constitutes notice to all parties of the absence of a certification
pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 37.1.  If a
supplemental clerk=s record containing a proper
certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal.  See
Tex. R. App. P. 25.2(d).

On
remand, the trial court is directed to: (1) conduct any necessary hearings; (2)
make and file appropriate findings of fact, conclusions of law, and
recommendations and cause them to be included in a supplemental clerk=s record; (3) cause the hearing
proceedings to be transcribed and included in a supplemental reporter=s record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
In the absence of a request for extension of time from the trial court,
the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than February 15, 2011.        

Per
Curiam

Do not publish.











[1]
The proper form for Certification of Defendant=s Right
of Appeal is contained in Appendix D of the Texas Rules of Appellate Procedure.