Ronald Thacker HARGESHEIMER,
Appellant,

v.

The STATE of Texas.

No. PD–1610–04.

Court of Criminal Appeals of Texas.

Jan. 18, 2006.

Donald F. Schofield, Amarillo, for Appellant.

John L. Owen, Asst. District Attorney, Amarillo, Matthew Paul, State's Attorney, Austin, for State.

MEYERS, J., delivered the opinion of a unanimous Court.

In 1999, Appellant Ronald Thacker Hargesheimer was charged with indecency with a child. In exchange for his guilty plea, the trial court deferred adjudication of his guilt, and he received ten years of community supervision. In 2003, the State filed a motion to proceed with adjudication of guilt, claiming nine violations of his community supervision. At the hearing on the motion to adjudicate, Appellant pled true to each of the nine allegations, including failure to pay court costs, publication fees, sex-offender fees, probation fees, and costs associated with sex-offender treatment; failure to obtain a GED; failure to report; having contact with his minor daughter; and frequenting adult bookstores. Appellant was represented by appointed counsel at the hearing, but neither his attorney nor the State's counsel made a recommendation as to punishment. During the proceeding, the trial court revoked Appellant's probation, convicted him of the original charge, and sentenced him to 16 years in prison. The trial court certified that Appellant had waived his right to appeal. Appellant filed a *pro se* general notice of appeal of the trial court's revocation proceeding.

### Court of Appeals

The Seventh Court of Appeals rejected the contention that Appellant had waived his right to appeal, concluding that the waiver was invalid as a matter of law. *Hargesheimer v. State*, 126 S.W.3d 658, 659 (Tex.App.-Amarillo 2004, pet. denied). It denied the State's motion to dismiss and directed the lower court to re-certify whether Appellant had a right to appeal.

*Id.* The trial court then issued its "Findings of Facts and Conclusions of Law" in which it certified that "no appeal exists by reason of a plea bargain." In its subsequent opinion, the court of appeals agreed that the appeal was subject to the restrictions of Texas Rule of Appellate Procedure 25.2(a)(2) [1] because Appellant had received deferred adjudication community supervision pursuant to a plea bargain and his punishment upon conviction did not exceed the range allowed by law. *Hargesheimer v. State,* 140 S.W.3d 443, 444 (Tex.App.-Amarillo 2004, pet. granted). Notwithstanding his expressed intent to present for review complaints unrelated to his conviction, the court of appeals concluded that Appellant had no right to appeal because he had failed to secure the trial court's permission in accordance with the requirements of Rule 25.2(a)(2)(B). *Id.* at 445. The court also explained that Appellant could no longer appeal from an adverse ruling upon a written pretrial motion under Rule 25.2(a)(2)(A) because he had failed to appeal immediately after the trial court deferred adjudication of his guilt and placed him on community supervision. *Id.* The court of appeals affirmed the trial court's finding and dismissed the appeal pursuant to Rule 25.2(d), which requires dismissal if the record does not contain a certification evidencing the defendant's right of appeal. We will reverse.

## Issue Granted

We granted Appellant's petition for discretionary review to determine whether the court of appeals erred in dismissing the appeal pursuant to Rule 25.2. We will clarify the relationship between Rule 25.2(a)(2) and Article 42.12 § 5(b) of the Texas Code of Criminal Procedure [2] and resolve when a defendant in a plea-bargain case on deferred adjudication community supervision has the right to appeal after a violation of the conditions of his community supervision and the adjudication of guilt.

Appellant argues that Article 42.12 § 5(b) and cases such as *Vidaurri v. State,* 49 S.W.3d 880 (Tex.Crim.App.2001), and *Kirtley v. State,* 56 S.W.3d 48 (Tex.Crim.App.2001), guarantee him the right to appeal, from the revocation proceeding, issues unrelated to his conviction. He cites language from Article 42.12 § 5(b) to support his position:

> The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. *After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.* (emphasis added)

In contrast, the State submits that even if Appellant's appeal is separate from his conviction and claimed under the provisions of Article 42.12 § 5(b), he must still satisfy the additional special notice requirements of Rule 25.2(a)(2). Rule 25.2(a)(2) allows a defendant in a plea-bargain case to appeal only "those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal." We will explain the relationship between Rule 25.2(a)(2), which restricts a defendant's right to appeal from a plea-bargain

---

**1.** Unless otherwise indicated, all references to Rules refer to the Texas Rules of Appellate Procedure.

**2.** Unless otherwise indicated, all references to Articles refer to the Texas Code of Criminal Procedure.

case, and Article 42.12 § 5(b), which allows a plea-bargain defendant on deferred adjudication community supervision to appeal after a violation of community supervision and adjudication of guilt.

### Evolution of the Caselaw

It is well settled that a defendant on deferred adjudication community supervision may not appeal from the trial court's determination to proceed with an adjudication of guilt on the original charge. This result is clear from the language of Article 42.12 § 5(b), which expressly provides that "no appeal may be taken from this determination." This Court has consistently upheld the plain meaning of the statute, going so far as to say that "the trial court's decision to proceed with an adjudication of guilt, is one of absolute discretion and not reviewable by this Court." *Williams v. State*, 592 S.W.2d 931, 932 (Tex.Crim.App. 1979); *see also Olowosuko v. State*, 826 S.W.2d 940 (Tex.Crim.App.1992); *Ex Parte Hernandez*, 705 S.W.2d 700 (Tex. Crim.App.1986); *Wright v. State*, 592 S.W.2d 604 (Tex.Crim.App.1980); *McIntyre v. State*, 587 S.W.2d 413 (Tex.Crim. App.1979).

■ Although a defendant on deferred adjudication community supervision may not appeal the court's determination to adjudicate guilt, he may challenge the court's decision to defer adjudication in the first place. In *Dillehey v. State*, we held that a defendant had the right to appeal from deferred adjudication community supervision under Article 44.02. 815 S.W.2d 623, 626 (Tex.Crim.App.1991). We concluded that the passage of Article 44.01(j),

stipulating that "nothing in this article is to interfere with the defendant's right to appeal under the procedures of Article 44.02," evidenced the legislature's intention to give defendants on deferred adjudication community supervision the same appeal rights as defendants on "regular" community supervision, even though they had not been adjudicated guilty. *Id.* In the case of *Dillehey*, this meant that defendants on deferred adjudication community supervision could immediately appeal rulings on pre-trial motions. *Id.*[3]

In *Watson v. State*, we held that deferred adjudication orders were not only appealable, but "by implication," restricted by the requirements of former Rule 40(b)(1), now Rule 25.2(a)(2). 924 S.W.2d 711, 714 (Tex.Crim.App.1996). We established that an order of deferred adjudication was considered punishment in plea bargain cases and that a defendant's initial plea of guilty in exchange for deferred adjudication triggered the application of former Rule 40(b)(1)'s limitations to his appeal. *See Vidaurri*, 49 S.W.3d at 882. We also explained that "when a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment within the range allowed by law." *Id.* With this holding, we applied the restrictions of former Rule 40(b)(1) to situations of deferred adjudication even where there was no explicit arrangement for a certain term of years of punishment in exchange for a particular

---

**3.** Prior to *Dillehey*, we had held that a defendant had no right to appeal an order deferring adjudication because former Article 42.12 § 3d(b), now Article 42.12 § 5(b), granted the right to appeal only after final adjudication of guilt. *See Ex Parte Hernandez,* 705 S.W.2d 700 (Tex.Crim.App.1986); *see*

*also McDougal v. State,* 610 S.W.2d 509 (Tex. Crim.App.1981) (stating that "if a defendant is dissatisfied with the decision to defer adjudication or with the terms and conditions of the order, his proper remedy is to move for final adjudication.")

plea. We reasoned that, because the prosecutor had made no recommendation regarding the term of years to be assessed in the event of a violation of community supervision, the defendant necessarily accepted that his sentence could reach the maximum authorized by law. In effect, *Watson* treated a plea bargain for deferred adjudication the same as a plea bargain for the purposes of punishment and subjected a defendant whose deferred adjudication had been the result of a plea bargain to the restrictions of former Rule 40(b)(1).

In *Vidaurri*, we departed from *Watson's* expansive holding that "when a defendant pleads guilty or nolo contendere and is sentenced in accordance with a plea-bargain agreement, appeal from his subsequent adjudication of guilt is subject to the restrictions of former Rule 40(b)(1)." 49 S.W.3d at 884. *Vidaurri* involved an appellant whose claim on appeal—that he was denied a separate punishment hearing at the proceeding where the court revoked his probation and convicted him—did not challenge his conviction. We held that former Rule 25.2(b)(3), now Rule 25.2(a)(2), did not limit the appellant's right to appeal even though he was a plea-bargain defendant on deferred adjudication community supervision whose punishment did not surpass the range allowed by law. *Id.* at 885.

In making this determination, we relied on a probation case not involving deferred adjudication, in which we held that an appeal unrelated to the propriety of conviction was not subject to the restrictions of former Rule 40(b)(1). *Feagin v. State,* 967 S.W.2d 417, 419 (Tex.Crim.App.1998) (citing *Whetstone v. State,* 786 S.W.2d 361, 363 (Tex.Crim.App.1990)). In addition, we cited *Manuel v. State,* in which we extended to the context of deferred adjudication the longstanding rule allowing defendants on "regular" community supervision to raise appeals relating to conviction only

when community supervision was originally imposed. 994 S.W.2d 658, 661 (Tex. Crim.App.1999) (citing *Whetstone,* 786 S.W.2d at 363; *Traylor v. State,* 561 S.W.2d 492, 494 (Tex.Crim.App.1978); *Patterson v. State,* 487 S.W.2d 736, 737 (Tex.Crim.App.1972); *Pitts v. State,* 442 S.W.2d 389, 390 (Tex.Crim.App.1969); *Gossett v. State,* 162 Tex.Crim. 52, 282 S.W.2d 59, 62 (1955)). With *Vidaurri,* we disavowed *Watson* to the extent it conflicted with subsequent cases like *Feagin* and *Manuel,* and endorsed the proposition that the restrictions of former Rule 40(b)(1) did not apply to appeals unrelated to a defendant's conviction in cases of deferred adjudication community supervision.

In decisions following *Vidaurri,* we have affirmed that the limitations of Rule 25.2(a)(2) do not apply to appeals separate from a defendant's conviction. In *Kirtley,* we determined that a claim of ineffective assistance of counsel at the punishment hearing after adjudication of guilt was independent of the conviction. 56 S.W.3d at 51. We explained that "although an appellant cannot appeal the trial court's decision to adjudicate guilt, an appellant sentenced under a guilty plea agreement can appeal aspects of the 'second phase to determine punishment.'" *Id.* Similarly, in *Woods v. State,* we reiterated that former Rule 25.2(b)(3)'s notice provisions applied to a defendant placed on deferred adjudication community supervision pursuant to a plea bargain, stating: "Rule 25.2(b)(3) controls an appeal, made either before or after adjudication of guilt, by a defendant placed on deferred adjudication who challenges an issue relating to his conviction." 68 S.W.3d 667, 669 (Tex.Crim.App.2002) (citing Tex.R.App. P. 25.2(b)(3); Tex.Code Crim. Proc. art. 44.01(j); *Vidaurri,* 49 S.W.3d at 884–85; *Kirk v. State,* 942 S.W.2d 624, 625 (Tex.Crim.App.1997); *Watson,* 924 S.W.2d at 713–15)). In *Woods,* we concluded that since the appel-

lant's sentence fell within the punishment range for the offense to which he had pleaded guilty in exchange for deferred adjudication, the trial court had followed the plea bargain, and he was required to comply with the notice provisions of former Rule 25.2(b)(3) in order to appeal an issue related to his conviction. *Id.* at 670.

The caselaw has evolved from cases like *McDougal* and *Hernandez,* in which we stated that deferred adjudication was not punishment and there could be no appeal until adjudication of guilt, to *Dillehey* and *Watson,* in which we deemed that deferred adjudication orders were not only punishment but appealable and subject to the constraints of former Rule 40(b)(1). Finally, in *Feagin, Manuel,* and the *Vidaurri* line of cases, we carved out an exception to the application of Rule 25.2(a)(2)'s limitations on appeal for plea-bargain defendants on deferred adjudication community supervision whose claims after adjudication of guilt were "unrelated to conviction."

## Analysis

▮▮▮ The progression of the caselaw, in combination with the introduction of the certification process, has created confusion among the lower courts about the applicability of Rule 25.2(a)(2) to plea-bargain deferred adjudication cases that have moved to final adjudication. In such cases, rather than continue down the road of applying the restrictions of Rule 25.2(a)(2) to appeals that are related to conviction and maintaining an exception for claims that are unrelated to conviction, we hold that Rule 25.2(a)(2) extends only to appeals from the initial plea of guilty in exchange

for deferred adjudication, and not to appeals from the proceeding on the motion to adjudicate guilt.[4] We believe that keeping the final adjudication of guilt distinct from the plea bargain better represents the actual substance of the plea bargain and reduces the potential for confusion in the certification process.

Effective January 2003, Rule 25.2(a)(2) requires the trial judge to certify a defendant's right of appeal by selecting the appropriate box on the certification form contained in the appendix to the Texas Rules of Appellate Procedure. The choices on the form include the following: not a plea-bargain case and the defendant has the right of appeal; a plea-bargain case in which the defendant has the right of appeal because he satisfied the requirements of Rule 25.2(a)(2)(A) or (a)(2)(B); a plea-bargain case in which the defendant has no right of appeal; or a case in which the defendant waived his right of appeal. In *Carroll v. State,* the court of appeals explained that the certification form could be modified to allow a plea-bargain defendant on deferred adjudication community supervision to challenge an issue separate from conviction. 119 S.W.3d 838, 841 (Tex. App.-San Antonio 2003, no pet.) (holding that the trial court could modify the form in the event that "a defendant has a *limited* right to appeal to which Rule 25.2 does not apply."). Since then, some courts of appeals have followed the holding in *Carroll* to allow plea-bargain defendants on deferred adjudication to pursue a conditional right of appeal after final adjudica-

---

4.  *See Vidaurri,* 49 S.W.3d at 887 (Johnson, J. concurring) ("The reality of plea bargaining in regard to a deferred adjudication is that the bargaining is done at the time the defendant is placed on deferred adjudication. At that time, the plea bargain ... is complete. At an adjudication hearing, unless a second

bargain as to punishment is reached, there is no plea agreement, and thus, by its plain language, Rule 25.2[ (a)(2)], which is applicable when 'the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant,' does not apply.").

tion of guilt pursuant to Rule 25.2(a)(2).[5]

■ In the instant case, Appellant would have to file a brief on the merits to explain the grounds on which he seeks review in order for the trial court to determine whether his claims are unrelated to his conviction and thus immune from the restrictions of Rule 25.2(a)(2). This result would lead to a complex and lengthy certification process because trial courts would have to obtain briefs in every plea-bargain deferred adjudication case that moved to final adjudication in which the defendant claimed to have an appeal unrelated to conviction. The purpose of the certification requirement is to efficiently sort appealable cases from non-appealable cases so that appealable cases can "move through the system unhindered while eliminating, at an early stage, the time and expense associated with non-appealable cases." *Greenwell v. Court of Appeals for the Thirteenth Judicial District*, 159 S.W.3d 645, 649 (Tex.Crim.App.2005). Rather than complicating the certification process by maintaining an exception to Rule 25.2(a)(2) for certain appeals from plea-bargain deferred adjudication community supervision cases that have been finally adjudicated, we believe that the better course is to treat the final adjudication hearing as distinct from the underlying plea bargain to the original charge. In holding that a defendant's underlying plea bargain for deferred adjudication community supervision will no longer trigger the

application of Rule 25.2(a)(2)'s restrictions to his appeal of the revocation proceeding, we overrule *Watson* and eliminate the need for the *Vidaurri* exception. Now once a defendant who enters into a plea bargain for deferred adjudication community supervision decides not to appeal the order deferring adjudication, the restrictions of Rule 25.2(a)(2) are no longer applicable. After adjudication of guilt, the defendant's appeal will be restricted only by Article 42.12 § 5(b), which prevents him from appealing the trial court's decision to adjudicate guilt in the first place.

■ The State argues that *Dears v. State*, 154 S.W.3d 610 (Tex.Crim.App. 2005), requires an affirmance of the judgment of the lower court because the trial judge's certification of the case as non-appealable was not defective. In *Dears,* we clarified that a defective certification included one that was correct in form but contrary to the record. *Id.* at 614. In that case, we determined that the court of appeals should have obtained a new certification from the trial court because the trial court had inaccurately characterized the cases as plea bargains. We explained that Rule 25.2(a)(2)'s limitations on appeal applied only to plea bargains with regard to guilty pleas and not to pleas of true on revocation motions. *Id.* at 613. In the instant case, the State posits that the trial court's certification was not defective because it was sup-

---

**5.** *See Kahookele v. State,* 165 S.W.3d 440 (Tex. App.-Austin 2005) (holding that "in appeals governed by *Vidaurri* and *Woods,* the trial court cannot know whether the defendant will raise an issue related or unrelated to the conviction until the defendant's brief is filed," and the court did not err by choosing the option on the certification form that preserved the right of appeal.); *Franklin v. State,* 165 S.W.3d 807 (Tex.App.-Austin 2005, no pet.) (explaining that "[t]he certification should state that there was a plea bargain for

deferred adjudication, but following an adjudication of guilt the defendant has the right of appeal as to issues unrelated to the conviction."); *Mobley v. State,* No. 07–05–0072–CR, 2005 WL 1277893, 2005 Tex.App. LEXIS 4188 (Tex.App.-Amarillo May 31, 2005, no pet.) (not designated for publication) (abating the appeal and remanding the cause to the trial court with directions to re-certify whether an appellant who is seeking to challenge a post-adjudication issue unrelated to the adjudication of guilt has a limited right of appeal).

ported by the record before the court of appeals. We disagree. Although the trial court did not discover any issue that would be cognizable on appeal, it based its conclusion on the fact that this was a plea-bargain case and "the Court heard the punishment evidence Defendant wished to advance, and the punishment assessed was within the applicable statutory range." Based on our holding here, the trial judge's designation of the case as a plea bargain was incorrect because the plea bargain related to the exchange of a guilty plea for deferred adjudication, and not to the subsequent adjudication hearing. There was no second plea bargain with regard to punishment, and even if there had been, Rule 25.2(a)(2) would not apply to restrict appeal because of our holding in *Dears*. *See also Gutierrez v. State*, 108 S.W.3d 304, 309–10 (Tex. Crim.App.2003) ("In the context of revocation proceedings, the legislature has not authorized binding plea agreements, has not required the court to inquire into the existence of a plea agreement or admonish the defendant pursuant to [Article] 26.13, and has not provided for withdrawal of a plea after sentencing.")

### Conclusion

In sum, in a plea-bargain case for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters his plea of guilty in exchange for deferred adjudication community supervision. Rule 25.2(a)(2) will restrict appeal only when the defendant appeals his placement on deferred adjudication community supervision pursuant to the original plea. Under this circumstance, the trial judge certifying the defendant's right of appeal may designate the case on the certification form as "a plea-bargain case, and the defendant has NO right of appeal." It is important to note, however, that if the defendant filed written motions that were ruled on before his placement on deferred adjudication community supervision pursuant to Rule 25.2(a)(2)(A), or obtained the permission of the trial court for the appeal of his placement on deferred adjudication community supervision pursuant to Rule 25.2(a)(2)(B), he still has the right of appeal. On the other hand, when the defendant appeals from the proceeding on the motion to adjudicate guilt, Rule 25.2(a)(2) will not restrict appeal, but Article 42.12 § 5(b) will continue to prohibit the appeal of the trial court's decision to adjudicate guilt. Under this circumstance, the trial judge must check the box on the certification form indicating that the case "is not a plea-bargain case, and the defendant has the right of appeal." In the instant case, the court of appeals erred in denying Appellant's general notice of appeal of the trial court's revocation proceeding solely on the basis of an underlying plea bargain from the original proceeding. The trial judge is instructed to re-certify this case by designating it as "not a plea-bargain case" on the certification form. The court of appeals has jurisdiction to consider Appellant's appeal, subject to Article 42.12 § 5(b).

JOHNSON, J., filed a concurring opinion.

JOHNSON, J., concurring opinion.

Tex.R.App. P. 25.2(a)(2) is intended to reduce the number of baseless appeals and thereby conserve judicial resources. It works quite well for cases in which incarceration or community supervision is assessed at the time of the original plea. The choice of which box to check is usually clear: there was a plea bargain or there wasn't; there were pretrial motions that were ruled on by the trial court, or there weren't; the trial court gave permission to appeal, or it didn't. Thus the availability

of appeal is easily decided in the vast majority of cases, and the trial court acts on the basis of adequate information.

However, at the time that a trial court is required to certify whether an appellant is permitted to appeal from proceedings on a motion to adjudicate guilt, it faces a dilemma; a defendant has a limited right to appeal, depending on the issues raised, but the trial court does not know what those issues will be or whether those issues are permitted under Tex.Code Crim. Proc. Art. 42.12, § 5(b).

Just as for revocations of community supervision, the provisions of Tex.R.App. P. 25.2(a)(2) cannot apply; there can be no plea bargain, as no recommendation by the state is binding on a trial court during a revocation or adjudication hearing. *Gutierrez v. State,* 108 S.W.3d 304 (Tex.Crim. App.2003). The only question is whether the issues that appellant wishes to appeal are permitted by Art. 42.12, § 5(b). In circumstances such as these, the trial court must, of necessity, act without full knowledge, and it does not err by choosing the option that preserves an appellant's right of appeal.

Here, a certification stating that this is a plea-bargain case and that appellant had no right of appeal is inaccurate both because there was no plea bargain and because appellant does have the limited right to appeal issues "unrelated to his conviction." This is the latest of many times that this issue has come before this Court, and thus it appears that the rules governing appeal after revocation or adjudication are not well understood. In sum, they are: 1) Tex.R.App. P. 25.2(a)(2) does not apply because a plea bargain at the time of the original pleading is satisfied, or not, at the original pleading and does not carry over to a subsequent revocation or adjudication hearing; 2) defendants granted community supervision may appeal from all aspects of the revocation hearing; and 3) defendants granted deferred adjudication may not appeal the decision by the trial court to adjudicate, but may appeal other matters because, after adjudication, "all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred." Tex.Code Crim. Proc. Art. 42.12, § 5(b).

The legislature created this conundrum when it chose to deny an appeal of the decision to adjudicate. If and until the legislature changes its choice in the matter, only our courts of appeals, knowing what issues were raised on appeal, will, unlike the trial court, have sufficient information to sort through appeals from adjudication hearings and separate permitted appeals from prohibited ones.

I join the opinion of the Court.