Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion Issued May 4, 2006









 








     

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



NO. 01-05-00405-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



BRIAN BENJAMIN JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 



On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 898079










 



 

 

 



MEMORANDUM
OPINION

Appellant
Brian Benjamin Johnson pleaded guilty to the felony offense of aggravated
robbery, and was placed on deferred adjudication community supervision for a
period of ten years.  The State
subsequently moved to adjudicate Johnson’s guilt.  The trial court adjudicated him guilty and
sentenced him to twenty years’ imprisonment. 
In four issues, Johnson contends the trial court erred in adjudicating
his guilt because (1) the State failed to prove he was capable of paying the community
supervisionary fees, (2) the State failed to prove that he committed the
offense of aggravated robbery in connection with an extraneous offense, (3)
hearsay should not have been admitted under the excited utterance exception,
and (4) he should not have been permitted to appear before the witnesses in the
hearing on the motion to adjudicate in an orange jail-issued jumpsuit because
it made him more easily identifiable as an assailant.  We dismiss the appeal for want of
jurisdiction.

Facts

In
January 2002, the State indicted Johnson for the offense of aggravated robbery.
 The case proceeded to trial, and after
the jury announced it was deadlocked, the trial court ordered a mistrial.  In August 2003, Johnson pleaded guilty to the
offense without an agreed recommendation from the State as to punishment, and
the trial court placed him on deferred adjudication community supervision for a
period of ten years.  In November 2004,
the State moved to adjudicate Johnson’s guilt. 
  Johnson pleaded “not true” to the allegations
in the State’s motion.  At the hearing,
the State presented evidence that Johnson had failed to pay the required fees
under the terms of his community supervision, and that Johnson had committed an
aggravated robbery in November 2004.  The
trial court adjudicated Johnson’s guilt and sentenced him to twenty years’
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  

Discussion

Under
Article 42.12, Section 5(b) of the Code of Criminal Procedure, if a defendant
violates a condition of his deferred adjudication community supervision, he is
entitled to a hearing “limited to the determination by the court of whether it
proceeds with an adjudication of guilt on the original charge.  No appeal may be taken from this determination.”  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (Vernon Supp. 2005); Hogans v. State, 176 S.W.3d 829, 832 (Tex. Crim.
App. 2005).  In an appeal
from a judgment adjudicating guilt after community
supervision has been revoked, this court only has jurisdiction to consider a
claim that, “on its face, relate[s] to the sentence imposed, not to the
decision to adjudicate.”  Hogans, 176 S.W.3d at 834.  Thus, if an appeal only raises a claim of
purported error in the adjudication of guilt determination, a court of appeals
should dismiss that claim without reaching the merits.  Id. 
Johnson’s challenges to the sufficiency of the evidence, the admission
of hearsay statements, and the propriety of his appearing in an orange jail
jumpsuit are not appealable because they relate solely to the determination by
the court of whether to adjudicate guilt, and not to the court’s assessment of
punishment.  See Hargesheimer v. State,
182 S.W.3d 906, 909 (Tex. Crim. App. 2006). 
Johnson makes no challenges related to the punishment phase of the
hearing.  Accordingly, we dismiss his
appeal for want of jurisdiction.

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Taft,
Higley, and Bland.

Do not publish. 
Tex. R. App. P. 47.2(b).