COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-264-CR

 

 

JAMES BERNARD ROBERTS                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 367TH  DISTRICT COURT
OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

James Bernard Roberts is
attempting to appeal the trial court=s judgment adjudicating him guilty of aggravated assault and
sentencing him to five years= confinement.  We dismiss the
appeal.








The trial court certified
that appellant has waived the right of appeal and provided us a copy of the
written waiver.[2]  The waiver shows that appellant waived his
right of appeal knowing that the State would recommend a sentence of five years= confinement in exchange for appellant=s plea of true to the allegations in the motion to adjudicate.  The trial court sentenced appellant
accordingly.

On August 14, 2006, we
notified appellant by letter of the trial court=s certification and informed him that his appeal was subject to
dismissal based on the trial court=s certification.  In response,
appellant acknowledges that he has waived the right of appeal.

 








A valid waiver of appeal,
whether negotiated or non‑negotiated, will prevent a defendant from
appealing without the trial court=s consent.[3]   The trial court did not consent to appellant=s appeal in this case. 
Accordingly, we dismiss the appeal.[4]

 

PER CURIAM

 

PANEL
D:  CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  OCTOBER 5, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]The
trial court also certified that this is a plea-bargain case and appellant has
no right of appeal.  This portion of the
certification is defective because appellate rule 25.2(a)(2) applies only to
appeals from the initial plea of guilty in exchange for deferred adjudication;
it does not apply to appeals from adjudication proceedings.  Hargesheimer v. State, 182 S.W.3d 906,
912 (Tex. Crim. App. 2006); Dears v. State, 154 S.W.3d 610, 613 (Tex.
Crim. App. 2005); see Tex. R.
App. P. 25.2(a)(2) (providing that it applies to a plea-bargain based on
a plea of guilty).  In the latter
situation, the appellant=s
right of appeal is limited only by article 42.12, section 5(b) of the code of
criminal procedure.  Hargesheimer,
182 S.W.3d at 913; see Tex. Code
Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp.
2006).  The error does not, however,
affect the outcome of this appeal because the trial court correctly certified
that appellant has waived the right of appeal.





[3]Monreal
v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).





[4]Id.;
see Tex. R. App. P. 25.2(d)
(providing that an appeal must be dismissed unless the trial court=s
certification shows that the defendant has the right of appeal).