# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-06-00591-CR

**Michael Parrett, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 1010132, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Michael Parrett timely filed a pro se notice of appeal after the trial court revoked his deferred adjudication supervision, convicted him of injury to a child, and imposed a four-year sentence. The court has certified that this is a plea-bargain case and Parrett has no right of appeal.

In a plea bargain for deferred adjudication, the bargain is complete when the defendant enters his plea of guilty in exchange for deferred adjudication community supervision. *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006). Appellate rule 25.2(a)(2) restricts the defendant's right of appeal from the deferred adjudication order, but does not restrict the defendant's right of appeal following a subsequent adjudication of guilt. *Id*. Tex. R. App. P. 25.2(a)(2). This is the case even if the defendant pleaded "true" to the allegations in the motion to

adjudicate in exchange for an agreed punishment recommendation, because rule 25.2(a)(2) applies only when the "defendant's plea is guilty or nolo contendere." Tex. R. App. P. 25.2(a)(2); *see also Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003) (holding that plea bargain recommendation is not binding on trial court at revocation hearing). After adjudication of guilt, the defendant's appeal is restricted only by article 42.12, section 5(b). *Hargesheimer*, 182 S.W.3d at 912; Tex. Code Crim. Proc. Ann. art. 42.12., § 5(b) (West Supp. 2006). We cannot determine from the documents forwarded to this Court with the notice of appeal whether the plea bargain referred to in the trial court's certification was at the original trial or at the adjudication hearing, but in either event, it does not restrict Parrett's right of appeal following adjudication.

The appeal is abated. The trial court is instructed to prepare and file an amended certification reflecting that this is not a plea-bargain case, and the defendant has the right of appeal. *Hargesheimer*, 182 S.W.3d at 913. If Parrett is indigent, the court shall appoint counsel and order the preparation of a free appellate record. A copy of the amended certification and of the order appointing counsel, if made, shall be forwarded to the Clerk of this Court no later than December 11, 2006.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Pemberton and Waldrop

Filed: November 22, 2006

Do Not Publish