NO. 07-10-00430-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
10, 2011

 



 

JOHN K. LOCKARD, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 364TH DISTRICT COURT OF
LUBBOCK COUNTY;

 

NO. 2008-419,440; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

ORDER ON
ABATEMENT AND REMAND

Following
a plea of not guilty by reason of insanity, appellant, John K. Lockard, was convicted by a jury of murder, and sentenced
to 97 years incarceration in the Texas Department of Criminal Justice,
Institutional Division.  The clerk=s record was filed on January 17,
2011.

Texas
Rule of Appellate Procedure 25.2(a)(2) requires that a
trial court shall enter a Certification of Defendant=s Right of Appeal each time it enters
a judgment of guilt or other appealable order. 
Tex. R. App. P. 25.2(a)(2); Hargesheimer v.
State, 182 S.W.3d 906, 911 (Tex.Crim.App.
2006).  An appeal must be dismissed if
the certification has not been made part of the record under the applicable
rules.  Tex.
R. App. P. 25.2(d).  

Pursuant
to an amendment to Rule 25.2(d), which became effective on September 1, 2007,
the certification of defendant=s right of appeal must be signed by
the defendant and a copy must be given to him. 
Tex. R. App. P.
25.2(d).  Additionally, the certification shall include
a notice that the defendant has been informed of his rights concerning appeal,
as well as his right to file a pro se petition for discretionary review.[1]  

This
Court’s review of the clerk’s record reveals that it does not contain a
certification of defendant’s right of appeal. 
By correspondence dated January 18, 2011, this Court notified the trial
court and the district clerk that the clerk’s record does not contain a certification
of defendant’s right of appeal, and directed that a certification be filed by
the trial court within 30 days of the date of our letter.  To date, this Court has received no
certification of defendant’s right of appeal.

Consequently,
we now abate this appeal and remand the cause to the trial court for further
proceedings.  Upon remand, the trial
court shall utilize whatever means necessary to secure a Certification of
Defendant=s Right of Appeal in compliance with
Rule 25.2(d).  Once properly executed,
the certification shall be included in a supplemental clerk=s record and filed with the Clerk of
this Court on or before April 6, 2011.

This
order constitutes notice to all parties of the defective certification pursuant
to Rule 37.1 of the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 37.1.  If a
supplemental clerk=s record containing a proper
certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal.  See
Tex. R. App. P. 25.2(d).

It is so
ordered.

Per Curiam

Do not publish.  

 

            








 











[1] The proper form for Certification of
Defendant=s Right of Appeal is contained in
Appendix D of the 2008 Texas Rules of Appellate Procedure.