NO. 07-10-00430-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 10, 2011

_____

JOHN K. LOCKARD, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-419,440; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ORDER ON ABATEMENT AND REMAND**

Following a plea of not guilty by reason of insanity, appellant, John K. Lockard, was convicted by a jury of murder, and sentenced to 97 years incarceration in the Texas Department of Criminal Justice, Institutional Division. The clerk's record was filed on January 17, 2011.

Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a Certification of Defendant's Right of Appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2); Hargesheimer v. State, 182

S.W.3d 906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if the certification has not been made part of the record under the applicable rules. TEX. R. APP. P. 25.2(d).

Pursuant to an amendment to Rule 25.2(d), which became effective on September 1, 2007, the certification of defendant's right of appeal must be signed by the defendant and a copy must be given to him. TEX. R. APP. P. 25.2(d). Additionally, the certification shall include a notice that the defendant has been informed of his rights concerning appeal, as well as his right to file a *pro se* petition for discretionary review.[1]

This Court's review of the clerk's record reveals that it does not contain a certification of defendant's right of appeal. By correspondence dated January 18, 2011, this Court notified the trial court and the district clerk that the clerk's record does not contain a certification of defendant's right of appeal, and directed that a certification be filed by the trial court within 30 days of the date of our letter. To date, this Court has received no certification of defendant's right of appeal.

Consequently, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a Certification of Defendant's Right of Appeal in compliance with Rule 25.2(d). Once properly executed, the certification shall be included in a supplemental clerk's record and filed with the Clerk of this Court on or before April 6, 2011.

---

[1] The proper form for Certification of Defendant's Right of Appeal is contained in Appendix D of the 2008 Texas Rules of Appellate Procedure.

This order constitutes notice to all parties of the defective certification pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure.  <u>See</u> TEX. R. APP. P. 37.1.  If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal.  <u>See</u> TEX. R. APP. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.