NO. 07-11-00400-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 16, 2011

MERIDITH ANN KNIGHT, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY COURT AT LAW NO. 2 OF BRAZOS COUNTY;

NO. 09-04792-CRM-CCL2; HONORABLE JAMES W. LOCKE, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Following a plea of not guilty, appellant, Meridith Ann Knight, was convicted by a jury of possession of marijuana, in an amount less than two ounces, and was sentenced by the trial court to 180 days incarceration in jail, and a $2,000 fine. The clerk's record was filed on October 18, 2011.

Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a Certification of Defendant's Right of Appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2); Hargesheimer v. State, 182 S.W.3d 906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if the certification

has not been made part of the record under the applicable rules.  TEX. R. APP. P. 25.2(d).

Pursuant to an amendment to Rule 25.2(d), which became effective on September 1, 2007, the certification of defendant's right of appeal must be signed by the defendant and a copy must be given to him.  TEX. R. APP. P. 25.2(d).  Additionally, the certification shall include a notice that the defendant has been informed of his rights concerning appeal, as well as his right to file a *pro se* petition for discretionary review.[1]

This Court's review of the clerk's record reveals that it does not contain a certification of defendant's right of appeal.  By correspondence dated October 19, 2011, this Court notified the trial court and the district clerk that the clerk's record does not contain a certification of defendant's right of appeal, and directed that a certification be filed with the trial court clerk within 30 days of the date of our letter.  Further, the trial court clerk was directed to file a supplemental clerk's record containing the certification with the Clerk of this Court within 15 days of receiving it.  To date, this Court has received no certification of defendant's right of appeal.

Consequently, we now abate this appeal and remand the cause to the trial court for further proceedings.  Upon remand, the trial court shall utilize whatever means necessary to secure a Certification of Defendant's Right of Appeal in compliance with Rule 25.2(d).  Once properly executed, the certification shall be included in a

---

[1] The proper form for Certification of Defendant's Right of Appeal is contained in Appendix D of the 2008 Texas Rules of Appellate Procedure.

supplemental clerk's record and filed with the Clerk of this Court on or before January 17, 2012.

This order constitutes notice to all parties of the defective certification pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure.  See TEX. R. APP. P. 37.1.  If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal.  See TEX. R. APP. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.