NO. 07-11-00428-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 22, 2011

_____

JULIAN MONTOYA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-428,623; HONORABLE JOHN J. "TREY" MCCLENDON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Following entry of a judicial confession, appellant, Julian Montoya, appears to have been convicted of driving while intoxicated, third offense or more, and sentenced to six years incarceration in the Texas Department of Criminal Justice, Institutional Division. However, it also appears that appellant has been released from custody on an appeal bond. The clerk's record was filed on December 19, 2011.

Review of the clerk's record reveals that it does not include a Judgment or other appealable order nor does it contain a Certification of Defendant's Right of Appeal. The clerk's record does contain Written Admonishments on Open Plea and Waiver of

Constitutional Rights, Agreement to Stipulate, and Judicial Confession which are signed by the judge, appellant, and appellant's trial counsel. These undated documents were filed by the clerk on March 24, 2011. An undated Bench Order, filed by the clerk on September 19, was issued by the trial court that indicates that appellant was sentenced to six years incarceration, but that a $7,500 appeal bond was assessed. The clerk's record includes documents placing conditions on appellant's bond that were signed on September 16. Then, on October 17, the trial court signed an Order Placing Defendant on Pre-Trial Supervision. Consequently, the contents of the clerk's record prevent this Court from being able to assess whether a final, appealable judgment or order has been entered against appellant in this cause. To clarify the uncertainty regarding whether this appeal is ripe for review, we now abate the appeal and remand to the trial court.

Upon remand, we direct the trial court to either enter a final, appealable judgment or order or enter findings of fact and conclusions of law regarding the status of this cause. If the trial court enters judgment or final order, that court is directed to ensure that it is included in a supplemental clerk's record that is filed with the Clerk of this Court on or before January 20, 2012. If the trial court enters findings of fact and conclusions of law regarding the status of this cause, that court is directed to ensure that those findings and conclusions are included in a supplemental clerk's record that is filed with the Clerk of this Court on or before January 20, 2012.

Additionally, the Texas Rules of Appellate Procedure require that a trial court shall enter a Certification of Defendant's Right of Appeal, that is signed by the defendant and a copy given to him, each time it enters a judgment of guilt or other

2

appealable order. TEX. R. APP. P. 25.2(a)(2), (d); <u>Hargesheimer v. State</u>, 182 S.W.3d 906, 911 (Tex.Crim.App. 2006). This certification must include a notice that the defendant has been informed of his rights concerning appeal, as well as his right to file a *pro se* petition for discretionary review.[1] An appeal must be dismissed if the certification has not been made part of the record under the applicable rules. TEX. R. APP. P. 25.2(d).

Thus, in the event that the trial court enters judgment in the above-identified cause, Rule 25.2 further requires the trial court to enter a Certification of Defendant's Right of Appeal at the same time. Therefore, the trial court is further directed, in the event that it elects to enter judgment in this cause, to utilize whatever means necessary to secure a Certification of Defendant's Right of Appeal that complies with Rule 25.2(d). Once properly executed, the certification shall be included in the supplemental clerk's record containing the trial court's judgment and filed with the Clerk of this Court on or before January 20, 2012.

It is so ordered.

Per Curiam

Do not publish.

---

[1] The proper form for Certification of Defendant's Right of Appeal is contained in Appendix D of the 2008 Texas Rules of Appellate Procedure.