NO. 07-11-00472-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 11, 2012

IVAN PAUDA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-424,455; HONORABLE JIM BOB DARNELL, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following an open plea of guilty, appellant, Ivan Pauda, was convicted of aggravated robbery with an affirmative finding of the use of a deadly weapon, and sentenced by a jury to 20 years incarceration in the Texas Department of Criminal Justice, Institutional Division. The clerk's record was filed on January 6, 2012.

Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a Certification of Defendant's Right of Appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2); Hargesheimer v. State, 182

S.W.3d 906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if the certification has not been made part of the record under the applicable rules. TEX. R. APP. P. 25.2(d). Additionally, the certification must be signed by the defendant and a copy must be given to him. Id. The certification must also include a notice that the defendant has been informed of his rights concerning appeal, as well as his right to file a *pro se* petition for discretionary review.[1]

The certification contained in the clerk's record in this case states that this was not a plea-bargain case, and that appellant has the right of appeal. However, the certification was not signed by appellant. Therefore, the certification on file is defective.

Consequently, we abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a certification of defendant's right of appeal that complies with Rule 25.2(d). Once properly executed, the certification shall be included in a supplemental clerk's record and filed with the Clerk of this Court on or before February 8, 2012.

This order constitutes notice to all parties of the defective certification pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure. See TEX. R. APP. P. 37.1. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal. See TEX. R. APP. P. 25.2(d).

---

[1] The proper form for Certification of Defendant's Right of Appeal is contained in Appendix F of the 2011 Texas Rules of Appellate Procedure.

It is so ordered.

Per Curiam

Do not publish.