# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00255-CR

**Eli Blue Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-10-206973, HONORABLE CLIFFORD BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Eli Blue Hernandez pleaded guilty to the offense of possession of a controlled substance cocaine and the district court placed him on deferred-adjudication community supervision for a period of eight years. Subsequently, the State filed a motion to proceed with an adjudication of guilt, based, in part, on an allegation that Hernandez had committed the subsequent criminal offense of possession of a controlled substance. Hernandez pleaded true to the allegations in the motion to adjudicate and was sentenced to five years' imprisonment. This appeal followed.

The rules of appellate procedure provide, "The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2). We are required "to examine a certification for defectiveness, and to use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (citing Tex. R. App. P. 37.1, 34.5(c)). A defective

certification is one "which is correct in form but which, when compared with the record before the court, proves to be inaccurate." *Id.*

We previously abated this appeal because the certification did not appear to conform to the record. The certification had indicated that this was a plea-bargain case, but the record indicated that it was not a plea-bargain case. *See Hargesheimer v. State*, 182 S.W.3d 906, 909 (Tex. Crim. App. 2006) (holding that case in which defendant pleads true to allegations in motion to adjudicate is not considered plea-bargain case for purposes of rule 25.2(a)(2)). We have now received an amended certification from the district court that indicates the defendant "has waived the right of appeal."

The record does indeed contain a document entitled "Defendant's Plea of True, etc. to State's Motion to Adjudicate Guilt," signed by Hernandez, in which he agrees to waive certain rights. In that same document, however, Hernandez conspicuously does not agree to waive his right of appeal but, to the contrary, agrees to the following affirmative acknowledgment of that right:

> I further understand that in the event my probation is revoked I have the legal right to appeal to the Court of Appeals of Texas, and also the right to be represented on appeal by an attorney of my choice or if I am too poor to pay for such an attorney or the record on appeal, the Court will, without expense to me provide an attorney and a proper record for such an appeal.

In light of the apparent discrepancy between the amended certification and the record, we are compelled by the foregoing authorities to again abate the appeal and remand the cause to the district court for entry of an amended certification addressing Hernandez's right of appeal from the

judgment adjudicating guilt. Once entered, the certification shall be included in a supplemental clerk's record and filed with this Court no later than September 3, 2013.[1]

Before Chief Justice Jones, Justices Pemberton and Field

Abated

Filed: August 23, 2013

Do Not Publish

---

[1] We have also received various pro se motions from Hernandez, including a motion for appointment of counsel, a motion for extension of time to file his brief, and a motion to proceed in forma pauperis. We dismiss these motions as moot. If the district court determines that Hernandez has the right of appeal, and it further determines that Hernandez is indigent, then the district court shall appoint Hernandez counsel on appeal.