# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00372-CR

**Christopher D. Hyde, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2010-504, HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2010, appellant Christopher D. Hyde was indicted for the offense of arson of a vehicle. *See* Tex. Penal Code § 28.02. In exchange for Hyde's plea of guilt, the trial court deferred adjudication and placed him on community supervision for a period of ten years. *See* Tex. Code Crim. Proc. Art. 42.12, § 5(b). In 2012, the State filed a motion to proceed with an adjudication of guilt, based, in part, on an allegation that Hyde had committed a subsequent criminal offense. At the hearing on the State's motion, Hyde pleaded "not true" to the State's allegations regarding the subsequent offense but pleaded "true" to the remaining allegations in the motion. At the conclusion of the hearing, the trial court adjudicated Hyde's guilt and sentenced him to eight years' imprisonment. Hyde now appeals from the district court's judgment revoking his deferred-adjudication community supervision and adjudicating his guilt.

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure requires a trial court to enter a certification of the defendant's right to appeal each time it enters a judgment of guilt or other

appealable order. Tex. R. App. P. 25.2(a)(2). In a plea bargain case, a defendant may appeal only (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal. *Id*.

In this case, the trial court has certified that this is a plea-bargain case and Hyde has no right of appeal. However, this certification, signed in 2011, appears to relate to the trial court's order of deferred adjudication. The record does not contain a certification regarding Hyde's right to appeal the trial court's judgment adjudicating guilt. *See Hargesheimer v. State*, 182 S.W.3d 906, 911 (Tex. Crim. App. 2006) (holding that "Rule 25.2(a)(2) extends only to appeals from the initial plea of guilty in exchange for deferred adjudication, and not to appeals from the proceeding on the motion to adjudicate guilt."). Accordingly, we abate the appeal and remand this cause to the trial court for entry of a proper certification of Hyde's right to appeal this judgment. Once entered, the certification shall be included in a supplemental clerk's record and filed with this Court no later than September 9, 2013.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Abated

Filed: August 23, 2013

Do Not Publish

2