

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00338-CR

_____

DAVID WAYNE KERR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 21,768-B (Counts I & II); Honorable John B. Board, Presiding

October 28, 2019

## ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pursuant to a plea bargain agreement, Appellant, David Wayne Kerr, was placed on deferred adjudication community supervision for two counts of aggravated sexual assault of a child.[1]  The trial court later adjudicated Appellant guilty of the offenses and

---

[1] TEX. PENAL CODE ANN. § 22.021 (West 2019).

sentenced him to seventy-five years confinement for each count. Appellant appeals his adjudication of guilt and sentencing.[2]

The trial court's certification of Appellant's right of appeal reflects that this is a plea-bargain case with no right of appeal and that Appellant has waived the right of appeal.[3] TEX. R. APP. P. 25.2(a)(2), (d). However, the certification is not supported by the record. *Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005) (requiring appellate courts to determine whether a certification comports with the record). In a plea-bargain case for deferred adjudication, the plea bargain is complete at the time the defendant enters his plea of guilty in exchange for deferred adjudication community supervision. *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006). Thus, the plea bargain does not deprive the defendant of the right to appeal from a later proceeding on a motion to adjudicate guilt. *Id.*

Because the certification of Appellant's right of appeal appears defective, we abate the appeal and remand the cause to the trial court to prepare an amended certification consistent with the record. TEX. R. APP. P. 25.2(f). The trial court shall utilize reasonable means to secure Appellant's signature on the amended certification. TEX. R. APP. P.

---

[2] The trial court originally adjudicated Appellant guilty in 2013. We reversed the judgments on appeal, however, and remanded the causes for a new hearing on the State's motion to proceed with adjudication. *Kerr v. State*, Nos. 07-13-00128-CR, 07-13-00380-CR, 2014 Tex. App. LEXIS 12850, at *10 (Tex. App.—Amarillo Nov. 25, 2014, no pet.) (mem. op) (not designated for publication). On remand, in 2015, Appellant was again adjudicated guilty of the offenses but did not immediately appeal from the proceeding. In 2019, Appellant was granted an out-of-time appeal by the Court of Criminal Appeals and filed the present appeal. *Ex parte Kerr*, No. WR-82,679-02, 2019 Tex. Crim. App. Unpub. LEXIS 547, at *1-2 (Tex. Crim. App. Sept. 25, 2019) (per curiam).

[3] The certification was filed on November 25, 2015, but was not signed or dated by the trial court.

2

25.2(d). The amended certification shall be included in a clerk's record filed with this court by December 2, 2019.

It is so ordered.

Per Curiam

Do not publish.