COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Jesse Tyrone Baily v. The State of Texas

Appellate case number:   01-19-00431-CR

Trial court case number:  A-15-0258-SB

Trial court:                   51st District Court of Tom Green County

The Clerk of the Court has examined the clerk's record and has found that it does not comport with the Texas Rules of Appellate Procedure in that it does not include a copy of the trial court's certification of appellant's right of appeal that corresponds to the trial court's February 21, 2019 judgment.[1]  *See* TEX. R. APP. P. 25.2(a)(2), (d), 34.5(a)(12).

Consequently, we abate the appeal and remand the cause to the trial court for further proceedings.  Upon remand, the trial court shall utilize whatever means necessary to secure a proper Certification of Defendant's Right of Appeal in compliance with Rule 25.2(d).  *See* TEX. R. APP. P. 25.2(d).  Once properly completed and executed, the certification shall be included in a supplemental clerk's record.  *See* TEX. R. APP. P. 34.5(c)(2).  The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court no later than 20 days from the date of this order. *See id.*  This order constitutes notice to all parties of the defective certification. *See* TEX. R. APP. P. 37.1.

It is so ORDERED.

Judge's signature: _____/s/ Sherry Radack_____
                    ☑ Acting individually    ☐ Acting for the Court

---

[1]    The record does contain a Certification of Defendant's Right of Appeal, but it is dated June 12, 2015 and only applies to appellant's plea of June 12, 2015, which resulted in the trial court's June 12, 2015 judgment placing appellant on community supervision. *See* TEX. R. APP. P. 25.2(a)(2) (requiring trial court to enter certification each time it enters judgment or appealable order); *Hargesheimer v. State*, 182 S.W.3d 906, 912, 913 (Tex. Crim. App. 2006).  The record therefore does not contain a certification that pertains to the trial court's February 21, 2019 judgment adjudicating appellant's guilt.

Date:   ___March 17, 2020___