# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00856-CR

**Curtis Strahan, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 77106, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

## ORDER AND MEMORANDUM OPINION

**PER CURIAM**

Appellant Curtis Strahan pleaded guilty to the offense of assault of a public servant, *see* Tex. Penal Code § 22.01(b)(1), and the trial court placed him on deferred adjudication community supervision. The State subsequently filed a motion to proceed with an adjudication of guilt. After Strahan pleaded "true" to the allegations in the motion to adjudicate, the trial court adjudicated him guilty and sentenced him to five years' imprisonment. Strahan has filed a notice of appeal from the trial court's judgment adjudicating guilt.

The rules of appellate procedure require that a trial court enter a certification of the defendant's right of appeal "each time it enters a judgment of guilt or other appealable order." *See* Tex. R. App. P. 25.2(a)(2). A defendant may appeal from a judgment adjudicating guilt. *See* Tex. Code Crim. Proc. art. 42.02. As a result, a trial court is required to enter a written certification of a defendant's right of appeal from the judgment adjudicating guilt.

The trial court's certification in this case states that this is a plea-bargain case and the defendant has no right of appeal. A plea-bargain case is defined as one in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Tex. R. App. P. 25.2(a)(2). Here, Strahan did not plead guilty or nolo contendere. Instead, he pleaded true to allegations in the State's motion to adjudicate. *See Hargesheimer v. State*, 182 S.W.3d 906, 909-10 (Tex. Crim. App. 2006) (holding that case in which defendant pleads true in motion to adjudicate is not considered plea-bargain case under rule 25.2(a)(2)); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) (noting that rule 25.2(a)(2) specifically limits right to appeal plea bargains and "refers only to plea bargain with regard to guilty pleas, not pleas of true on revocation motions").

Considering the apparent discrepancy between the certification and the record, we abate the appeal and remand the cause to the trial court for entry of an amended certification addressing Strahan's right of appeal from the judgment adjudicating guilt. *See Dears*, 154 S.W.3d at 614 (concluding that appellate court may examine certification for defectiveness and, when appropriate, use rules 37.1 and 34.5(c) of the rules of appellate procedure to obtain another certification). Once entered, the certification shall be included in a supplemental record and filed with this Court no later than May 8, 2020. *See* Tex. R. App. P. 34.5(c)(2).

It is ordered on March 25, 2020.

Before Justices Goodwin, Baker, and Kelly

Abated and Remanded

Filed: March 25, 2020

Do Not Publish

2