

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00315-CR

———————————————————

JILLIAN VESTAL, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CR-23646

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Substitute Memorandum Opinion by Chief Justice Sudderth

## SUBSTITUTE MEMORANDUM OPINION[1]

Pro se Appellant Jillian Vestal attempts to appeal the judgment revoking her deferred adjudication community supervision and adjudicating her guilt for possession of a controlled substance of less than one gram. *See* Tex. Health & Safety Code Ann. § 481.115(b). But Vestal waived her right of appeal as part of her plea agreement with the State.

When a defendant on deferred adjudication community supervision enters into a plea agreement on the State's motion to adjudicate, she may waive her right to appeal as part of that agreement.[2] *See Zucker*, 2024 WL 3195132, at \*1; *Moore*, 2022 WL 16845114, at \*1. And that is what happened here.

The State moved to revoke Vestal's deferred adjudication community supervision and adjudicate her guilt, and Vestal entered into a plea agreement

---

[1]On the court's own motion, we withdraw our October 23, 2025 opinion and substitute this opinion in its place.

[2]Generally, Rule of Appellate Procedure 25.2(a) restricts a defendant's right of appeal in a plea bargain case. *See* Tex. R. App. P. 25.2(a)(2); *see also* Tex. Code Crim. Proc. Ann. art. 44.02. But "Rule 25.2(a)(2) does not restrict a defendant's right of appeal when [s]he pleads true to one or more allegations in a petition to adjudicate." *Zucker v. State*, Nos. 02-24-00180-CR, 02-24-00181-CR, 2024 WL 3195132, at \*1 (Tex. App.—Fort Worth June 27, 2024, no pet.) (per curiam) (mem. op., not designated for publication); *Moore v. State*, No. 02-22-00196-CR, 2022 WL 16845114, at \*1 (Tex. App.—Fort Worth Nov. 10, 2022, no pet.) (per curiam) (mem. op., not designated for publication); *see Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006) (clarifying that "when the defendant appeals from the proceeding on the motion to adjudicate guilt, Rule 25.2(a)(2) will not restrict appeal"); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) (explaining that Rule 25.2(a)(2) "refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation").

regarding her adjudication and punishment; she agreed to plead true and waive her right of appeal in exchange for the State's recommendation of a certain punishment. The trial court followed the State's punishment recommendation and certified that "the defendant ha[d] waived the right of appeal." *See* Tex. R. App. P. 25.2(d); *Zucker*, 2024 WL 3195132, at *1 (noting that appellant's waiver was binding "because he signed the waiver and pleaded true in exchange for the State's punishment recommendation, and the trial court followed the recommendation"); *Moore*, 2022 WL 16845114, at *1 (similar).

Consequently, we informed Vestal that we could dismiss her appeal unless she showed grounds for continuing it.[3]  *Cf.* Tex. R. App. P. 44.3.  She responded by asserting that there had been a "breach of procedure" related to the timing of her arrest.[4]  But the alleged "breach" does not change the fact that she waived her right of appeal as part of her plea agreement with the State.

We therefore dismiss Vestal's appeal.  *See* Tex. R. App. P. 25.2(d), 43.2(f); *Zucker*, 2024 WL 3195132, at *1 (dismissing appeal when defendant waived right of

---

[3]We sent a similar notice to Vestal's trial counsel, but he did not respond.

[4]Vestal complained that she was "no[t] book[ed] into the county jail prior to the indictment [being] made public," that this was a "breach of procedure," and that it reflected "an aptitude to withhold material evidence."

3

appeal as part of plea agreement on adjudication); *Moore*, 2022 WL 16845114, at *1 (similar).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 24, 2025

4