NO. 07-11-00277-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 14, 2011

---

JAMES DARIN MEACHAM, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 207TH DISTRICT COURT OF COMAL COUNTY;

NO. CR2010-425; HONORABLE DIB WALDRIP, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, James Darin Meacham, appeals from a judgment convicting him of unauthorized use of a motor vehicle, and sentence of five years incarceration suspended with appellant being placed on community supervision for a period of ten years, and a $1,000 fine. The trial court's certification of defendant's right of appeal states that this is a plea bargain case and that appellant has no right of appeal. However, our review of the clerk's record indicates that the certification is defective. Therefore, we now abate and remand this appeal.

Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a certification of defendant's right of appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2); Hargesheimer v. State, 182 S.W.3d 906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under the applicable rules. TEX. R. APP. P. 25.2(d). An appellate court that has an appellate record that includes a certification is obligated to review the record to ascertain whether the certification is defective. Dears v. State, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005).

On June 2, 2011, appellant pled guilty to the indicted offense and true to three enhancement paragraphs contained within the indictment. Appellant was sentenced to five years incarceration, suspended for a period of ten years with appellant placed on community supervision, and a $1,000 fine. On the same day, the trial court certified that this is a plea bargain case and that appellant has no right of appeal.[1] See TEX. R. APP. P. 25.2. Appellant filed a *pro se* notice of appeal in the trial court on June 9, 2011.

The clerk's record in this case was filed on July 29, 2011. By letter dated August 3, 2011, this Court notified appellant that the trial court had certified that he had no right of appeal, and that this appeal was subject to dismissal unless the Court received an amended certification under Texas Rule of Appellate Procedure 25.2 providing that appellant has the right of appeal, or he demonstrated other grounds for continuing the

---

[1] The certification was signed by both appellant and his trial counsel.

appeal, on or before September 2, 2011. Appellant has not responded to the Court's notification and directive.

However, the clerk's record in this case evinces that appellant and the State entered into a plea bargain agreement under which the State would recommend that appellant be sentenced to five years incarceration and a $1,000 fine in exchange for appellant pleading guilty to the indicted offense and true to each of the three enhancement paragraphs. Also, as part of the plea bargain, the State agreed to dismiss two other causes. However, nothing in the plea bargain agreement indicates that appellant agreed to his sentence of incarceration being suspended, and his being placed on community supervision for a period of ten years. In fact, the documentation of the plea bargain agreement includes a pre-printed line to be marked if the State agrees to recommend community supervision, but this line is neither marked nor is a recommended term of community supervision identified. As such, the sentence reflected in the judgment does not comport with the terms of the plea bargain agreement. Consequently, the record reflects that this was not a plea bargain case and, therefore, the trial court's certification of defendant's right of appeal is defective. See Dears, 154 S.W.3d at 614.

Additionally, the record reflects that there may be some confusion regarding whether appellant's appointed counsel has abandoned his appeal in this case. At trial, appellant was represented by Gary Churak. The order appointing Mr. Churak correctly indicates that Mr. Churak is appointed to represent appellant "until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved

3

of this duty or replaced by other counsel by leave of Court, pursuant to Article 26.04, Code of Criminal Procedure." The record does not reflect that Mr. Churak has moved the trial court to withdraw from representation of appellant in this appeal nor does the record reflect that Mr. Churak has been replaced by other counsel. However, appellant's notice of appeal was filed *pro se*. Further, this Court's August 3rd notification was sent to Mr. Churak, who failed to respond in any manner.

As such, on remand, the trial court shall utilize whatever means necessary to secure a certification of defendant's right of appeal that complies with Rule 25.2(d). Once properly executed, the certification shall be included in a supplemental clerk's record and filed with the Clerk of this Court on or before October 14, 2011.

Additionally, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; (3) whether appointed counsel for appellant has abandoned the appeal; (4) whether appellant's present counsel should be replaced; and (5) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. See TEX. R. APP. P. 34.5(C)(2), 37.1, 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including a properly executed certification of defendant's right of appeal, and any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than October 14, 2011.

Per Curiam

Do not publish.