**Order entered July 29, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00629-CR
No. 05-14-00630-CR

**STAFFON LADARIUS-DELA SPARKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F08-25612-M, F08-40995-M**

## ORDER

The reporter's record is overdue in these appeals. Additionally, after reviewing the record, the Court questions the accuracy of the trial court's certifications of appellant's right to appeal. Specifically, the certifications state the cases involve plea bargains and appellant has no right to appeal. The documents in the clerk's record, however, reflect that the plea agreements were during the hearing on the State's motions to proceed with adjudication of guilt. *See Hargesheimer v. State*, 182 S.W.3d 906, 912–13 (Tex. Crim.App. 2006); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Because it does not appear the certifications are correct, on May 22, 2014, the Court sent the trial court a letter questioning the accuracy of the

certifications and asking for amended certifications. To date, we have had no response from the trial court.

Accordingly, the Court **ORDERS** the trial court to make findings of fact regarding the following.

- The trial court shall first determine whether appellant desires to prosecute the appeals. If the trial court determines that appellant does not desire to prosecute the appeals, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeals, the trial court shall next determine whether the certifications of appellant's right to appeal accurately reflect the trial court proceedings, as noted above. If the trial court determines the certifications are not correct, the trial court shall prepare amended certifications that accurately reflect the trial court proceedings.

- The trial court shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeals.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit a record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order.

The appeals are **ABATED** to allow the trial court to comply with this order. The appeals shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/     LANA MYERS
JUSTICE