# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00369-CR

**Dacious Parker, Appellant**

**v.**

**State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. D-1-DC-12-600094, HONORABLE P. DAVID WALHBERG, JUDGE PRESIDING**

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Dacious Parker pleaded guilty to the offense of aggravated assault-enhanced and the district court placed him on deferred-adjudication community supervision for a period of ten years. Subsequently, the State filed a motion to proceed with an adjudication of guilt. Parker pleaded "not true" to the allegations in the motion to adjudicate and was sentenced to twenty years' imprisonment. This appeal followed.

The rules of appellate procedure require a trial court to "enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2). The certification in this cause indicates that this is a plea-bargain case and the defendant has no right of appeal, but the record indicates that Parker did not plead guilty or nolo contendere but "not true" to the allegations in the State's motion to adjudicate. *See*

*Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006) (concluding that "when the defendant appeals from the proceeding on the motion to adjudicate guilt, Rule 25.2(a)(2) will not restrict appeal").

In light of the apparent discrepancy between the certification and the record, we abate the appeal and remand the cause to the district court for entry of an amended certification addressing Parker's right of appeal from the judgment adjudicating guilt. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (concluding that appellate courts may examine certification for defectiveness and use Appellant Rules of Procedure 37.1 and 34.5(c) when appropriate to obtain another certification and noting that "[Rule 25.2(a)(2)] refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions").

Once entered, the certification shall be included in a supplemental clerk's record and filed with this Court no later than October 29, 2015.

Before Justices Puryear, Goodwin, and Bourland

Abated and Remanded

Filed: October 9, 2015

Do Not Publish

2