# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00737-CR

**Sarah Elizabeth Whary, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 67179, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Sara Elizabeth Whary pleaded guilty to the offense of injury to a child, elderly individual, or disabled individual, and the district court placed her on deferred-adjudication community supervision. Subsequently, the State filed a motion to proceed with an adjudication of guilt. Whary pleaded true to all but one of the allegations in the motion to adjudicate and was sentenced to ten years' imprisonment. This appeal followed.

The rules of appellate procedure provide, "The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2). We are required "to examine a certification for defectiveness, and to use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (citing Tex. R. App. P. 37.1, 34.5(c)). A defective

certification is one "which is correct in form but which, when compared with the record before the court, proves to be inaccurate." *Id.*

The certification in this cause indicates that this is not a plea-bargain case and the defendant has the right of appeal. This certification does not appear to conform to the record. While this is not a plea-bargain case, the record contains several documents indicating that the defendant reached an agreement with the State regarding the adjudication of guilt and/or revocation of adjudicated supervision and sentencing, and as part of that agreement, waived her right to appeal.[1]

In light of the apparent discrepancy between the certification and the record, we abate the appeal and remand the cause to the district court for entry of an amended certification addressing Whary's right of appeal from the judgment adjudicating guilt. Once entered, the certification shall be included in a supplemental clerk's record and filed with this Court no later than January 20, 2017. *See* Tex. R. App. P. 34.5(c)(2).

Before Chief Justice Rose, Justices Field and Bourland

Abated and Remanded

Filed: January 5, 2017

Do Not Publish

---

[1] A plea-bargain case is defined as one in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Tex. R. App. P. 25.2(a)(2). Here, Whary did not plead guilty or nolo contendere. Instead, she pleaded true to the allegations in the State's motion to adjudicate. *See Hargesheimer v. State*, 182 S.W.3d 906, 909-10 (Tex. Crim. App. 2006) (holding that case in which defendant pleads true to allegations in motion to adjudicate is not considered plea-bargain case for purposes of Rule 25.2(a)(2)); *see also Dears*, 154 S.W.3d at 613 ("[Rule 25.2(a)(2)] refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions.").

2