

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00754-CR

Ashley Nicole Olivia **LOPEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR2149
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:     Karen Angelini, Justice
           Marialyn Barnard, Justice
           Rebeca C. Martinez, Justice

Delivered and Filed: December 12, 2018

DISMISSED

Pursuant to the terms of her plea-bargain agreement, Ashley Nicole Olivia Lopez pled nolo contendere to possession of a controlled substance and was placed on deferred adjudication community supervision. She then filed a notice of appeal from the order placing her on deferred adjudication community supervision. On September 12, 2018, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Lopez timely filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e).

The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* 25.2(a)(2). In *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006), the court of criminal appeals held that "in a plea-bargain case for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters his plea of guilty in exchange for deferred adjudication community supervision." Thus, Texas Rule of Appellate Procedure 25.2(a)(2) "will restrict appeal only when the defendant appeals his placement on deferred adjudication community supervision pursuant to the original plea." *Id.* According to the court, "[u]nder this circumstance, the trial judge certifying the defendant's right of appeal may designate the case on the certification form as 'a plea-bargain case, and the defendant has NO right of appeal.'" *Id.* If, however, the defendant filed written motions that were ruled on before his placement on deferred adjudication community supervision pursuant to Rule 25.2(a)(2)(A), or obtained permission from the trial court to appeal his placement on deferred adjudication community supervision pursuant to Rule 25.2(a)(2)(B), then he would have a right to appeal. *Id.*

Here, the clerk's record, which contains a written plea-bargain agreement, establishes that in placing Lopez on deferred adjudication community supervision, the trial court complied with the plea-bargain agreement. Further, the clerk's record does not include a written motion filed and ruled upon before trial, nor does it indicate that the trial court gave its permission to appeal. The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Lopez does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

We, therefore, informed Appellant Lopez that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that she had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended trial court certification has been filed. This appeal is, therefore, dismissed pursuant to Rule 25.2(d).

PER CURIAM

Do not publish