### Fourth Court of Appeals
#### San Antonio, Texas


October 14, 2021

No. 04-21-00429-CR

Reginald **WILLIAMS,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR8205
Honorable Catherine Torres-Stahl, Judge Presiding

## O R D E R

Pursuant to a plea-bargain agreement, appellant pleaded no contest to one count of online solicitation of a minor and was placed on deferred adjudication community supervision. He then filed a notice of appeal from the order placing him on deferred adjudication community supervision. On September 7, 2021, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

Generally, in a plea bargain case, a defendant may appeal only: (1) those matters that were raised by written motion filed and ruled on before trial, (2) after getting the trial court's permission to appeal, or where the specific appeal is expressly authorized by statute. *See id.* 25.2(a)(2). "[I]n a plea-bargain case for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters his plea of guilty in exchange for deferred adjudication community supervision." *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006). Thus, Rule 25.2(a)(2) restricts a defendant's appeal from the order placing him on deferred adjudication community supervision pursuant to the original plea.

In the present case, the clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Additionally, we are unaware of any statute expressly authorizing this appeal. The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that appellant does not have a right to appeal. We must dismiss an appeal "if a

certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

This appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that appellant has the right to appeal is made part of the appellate record by **November 12, 2021**. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order).

We **ORDER** all appellate deadlines be suspended until further order of the court.

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 14th day of October, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court