COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:        Martin Wayne Felts v. The State of Texas

Appellate case number:    01-21-00545-CR

Trial court case number:    250807

Trial court:                County Court at Law No. 1 of Brazoria County

On February 3, 2022, we ordered the county court to execute a Certification of Defendant's Right of Appeal in compliance with Rule 25.2(d). *See* TEX. R. APP. P. 25.2(d). On February 14, 2022, the county court filed a supplemental clerk's record, containing the county court's certification stating that the criminal case "is a plea-bargain case, and the defendant has NO right to appeal."

The Texas Rules of Appellate Procedure require us to dismiss an appeal unless the record contains a written certification showing that the appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d). The rules also permit amendment of a defective certification and prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal. *See* TEX R. APP. P. 25.2(f), 34.5(c)(2), 37.1, 44.4; *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

In this case, the county court's certification that this is a plea bargain case and appellant has no right to appeal is defective because, although appellant pleaded no contest and was placed on deferred adjudication pursuant to a plea agreement, the record does not indicate any subsequent plea agreement regarding the revocation and sentencing. *See Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006) ("Based on our holding here, the trial judge's designation of the case as a plea bargain was incorrect because the plea bargain related to the exchange of a guilty plea for deferred adjudication, and not to the subsequent adjudication hearing. There was no second plea bargain with regard to punishment, and even if there had been, Rule 25.2(a)(2) would not apply to restrict appeal because of our holding in *Dears*.").

We, therefore, abate this appeal and remand the cause to the county court for further proceedings. On remand, the county court shall conduct a hearing within 20 days of the date of this order at which a representative of the Brazoria County District Attorney's Office and appellant's counsel, Alexander Wathen, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.

We direct the county court to execute an amended certification of appellant's right to appeal, to make any other findings and recommendations the county court deems appropriate; and to enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations. *See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(c)(2), 37.1.

The county court shall have a court reporter, or court recorder, record the hearing. The county court clerk is directed to file a supplemental clerk's record containing the county court's findings, recommendations, and orders with this Court within **25 days of the date of this order**. The court reporter is directed to file the reporter's record of the hearing within **25 days of the date of this order**. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the county court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: ____/s/ Sherry Radack_____
                  ☑ Acting individually     ☐ Acting for the Court

Date: ___March 31, 2022_____

2